## INDIANAPOLIS & MARTINSVILLE RAPID TRANSIT COMPANY *v.* REEDER.

[No. 6,316. Filed November 20, 1908.]

1. ACTION.—*Husband and Wife.—Loss of Services.—Medical Expenses.*—The death of a wife, caused by defendant's negligence, gives to the husband a common law right of action for damages resulting from his loss of her services and society, and the med-

Indianapolis, etc., Transit Co. *v.* Reeder—42 Ind. App. 520.

ical expenses paid in caring for her, independent of the act of 1899 (Acts 1899, p. 405, §285 Burns 1908), giving a right of action for the death of a person to the personal representative. p. 522.

2. ACTION.—*Abatement.—Husband and Wife.—Death by Wrongful Act.*—The husband's right of action for loss sustained because of injuries to his wife, caused by defendant's negligence, does not abate upon her death. p. 523.

3. DAMAGES.—*Injuries to Wife.—Action by Husband.*—In an action by the husband for damages for the death of his wife, caused by defendant's negligence, the husband's medical and nursing expenses, his loss of companionship and services of the wife are proper elements of damage. p. 523.

4. SAME.—*Injuries to Wife.—Care of Children.—Action by Husband.*—The loss of parental care, training and comfort to the children, thus requiring the father to furnish such care from other sources, is a proper element of damage in an action by the husband for loss sustained through the death of his wife, caused by defendant's negligence. p. 523.

5. EVIDENCE.—*Another Action Pending.—Damages.—Death of Wife.*—In a husband's action in damages for the death of his wife caused by defendant's wrongful act, evidence of an order-book entry showing that an action for damages brought by the personal representative, is pending, is inadmissible. p. 524.

6. TRIAL.—*Instructions.—Damages to Husband by Death of Wife.—Services.—Expenses.*—An instruction, in an action by a husband, for the wrongful injury of his wife, that the husband is entitled to damages for the value of his wife's services in caring for the home, and for the amount paid to a domestic for performing such work, is erroneous. p. 524.

7. DAMAGES.—*Excessive.—Death of Wife.—Action by Husband.*—In an action by the husband for damages for injuries to his wife, such injuries resulting in her death in one year, a judgment for $5,000 is excessive, where the damage proved, except for loss of society, was not more than one-fourth of the amount of the judgment. p. 525.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Action by John C. Reeder against the Indianapolis & Martinsville Rapid Transit Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. H. Latta* and *James L. Clark,* for appellant.

*Brill & Harvey,* for appellee.

RABB, C. J.—This is an action by appellee against appellant. He alleges in a single paragraph of complaint that his

wife was a passenger on one of appellant's cars, and that a collision occurred between it and another car, caused by appellant's negligence; that his wife thereby suffered injuries resulting in her death a year later; that by reason of appellant's said negligence he was deprived of the society and companionship of his wife, compelled to expend $1,000 in attempting to cure her, compelled to nurse and care for her, which was reasonably worth $500, compelled to expend other large sums, and, on account of said injuries, has been damaged in the sum of $25,000.

A demurrer to the complaint was overruled, a general denial filed, trial had, resulting in a verdict in favor of appellee, fixing his damages at $5,000. Appellant's motion for judgment on the answers to interrogatories returned with the verdict was overruled, and judgment rendered for the amount specified in the verdict. Errors assigned are the overruling of the demurrer and of said motion which had been made a reason in the motion for a new trial.

Appellant contends that, since the death of appellee's wife was caused by its negligence, the only remedy available is that which is given by statute (§285 Burns 1908, Acts 1899, p. 405), and within the terms of which appellee does not bring himself. Actions brought under the statute must be brought by the personal representative of the decedent, and the damages recovered inure to the benefit of the widow or widower, if any, or next of kin. This complaint does not ask for damages for the death of appellee's wife. It seeks to recover for the deprivation of the services, society and companionship of the wife, for sums expended in trying to cure and heal her, and the value of plaintiff's services in nursing her. It is an action personal to John C. Reeder, and appellant's argument, that the statute does not allow such an action, since "it was the purpose of the legislature to provide for a single action in which all recoverable damages resulting from injury should be assessed and adjudicated, and to evade all others," is ren-

MAY TERM, 1908. 523

Indianapolis, etc., Transit Co. *v.* Reeder—42 Ind. App. 520.

dered inapplicable by the rest of the sentence, ''in favor of the deceased or of his legal representatives, which might arise out of the injury.'' The right of the husband to sue for damages sustained by him in the loss of the services and society of his wife, where she is injured by a third party, is so well established wherever the common law remains in force, that a discussion of the question is unnecessary. *Selleck* v. *City of Janesville* (1899), 104 Wis. 570, 80 N. W. 944, 47 L. R. A. 691, 76 Am. St. 892; 16 Am. and Eng. Ency. Law, 468, 469.

Appellant's contention that under §283 Burns 1908, §282 R. S. 1881, this right of action abated with Nellie Reeder's death is untenable. Such right of action by the husband does not abate by the death of the wife. *Hyatt* v. *Adams* (1867), 16 Mich. 180; *Eden* v. *Lexington, etc., R. Co.* (1853), 14 B. Mon. 204; *Nixon* v. *Ludlam* (1893), 50 Ill. App. 273.

2.

The expenses of medical attention, value of nursing, and the loss of society and companionship are proper elements of damages. *Selleck* v. *City of Janesville, supra,* and authorities cited; 3 Sutherland, Damages (3d ed.), §952; 4 Sutherland, Damages (3d ed.), §1252. The rule is that in actions of this character the husband may recover for the loss or impairment of his right to the conjugal society and assistance of his wife, and ordinarily where the word ''services'' is used it signifies wifely services, such as are due from her, and includes the idea of her society. *Selleck* v. *City of Janesville, supra; Guy* v. *Livesey* (1619), Cro. Jac. 501; *Kelly* v. *New York, etc., R. Co.* (1897), 168 Mass. 308, 46 N. E. 1063, 38 L. R. A. 631, 60 Am. St. 397; 4 Sutherland, Damages (3d ed.), §1252.

3.

Evidence was admitted which showed the loss of parental care, training and comfort to appellee's daughter. Appellant insists that this was not proper. While no recovery should be allowed for the value of such items to the daughter, they are proper as being of value to

4.

appellee, for such care, training and comfort, after the disability of Nellie Reeder, had to be furnished by appellee from other sources. The condition of the family is a proper element to consider in fixing the damages. *Louisville, etc., R. Co.* v. *Rush* (1891), 127 Ind. 545.

The court refused to admit order-book entries containing the record of a judgment in a suit by Nellie Reeder, her administrator being substituted after her death, against the Indianapolis & Martinsville Traction Company.

5. Such refusal was proper. That case was not a former adjudication, being an entirely separate cause of action, and a judgment therein does not affect the right to recover in this case. 4 Sutherland, Damages (3d ed.), §1252.

The court gave the following instruction to the jury: "In estimating the plaintiff's damages, the jury may consider the condition of his family at the time of the alleged accident, and take into account all the services that his said wife, alleged to have been injured, might reasonably perform in his family, and such services may include actual labor in helping to carry on the household affairs, and the pecuniary value of all acts of kindness and attention which might reasonably be anticipated that she would have performed for the plaintiff and his family that would have ministered to his and their comfort, as well as to their necessities; and, after having considered all of these matters, you will assess to him such damages as will fully compensate him for the loss of his wife's services, society and companionship from the date of her injury until her death, as all the evidence shows them to be reasonably worth, to which amount you will add such sum as the evidence shows he has necessarily expended on account of said injury, together with the value of the services rendered by plaintiff and his family, and services in caring for and nursing his said wife." This instruction tells the jurors that in the assessment of damages they are to take into account all services appellee's wife might have performed for him and his fam-

ily, and allow him such sum as will fully compensate him therefor; and to this they are to add, among other things, such sum as the evidence shows he has necessarily expended on account of said injury. It was the theory of appellee that on account of said injury he had been compelled to employ some one to take the mother's place in the care of their little daughter, and for that reason evidence was admitted of the care bestowed by the mother upon the daughter. This instruction would authorize and require the jury to allow the appellee as damages the money value of the wife's services in taking care of the child, and also what expense the husband might incur in employing others to take the mother's place in the care of the child. The evidence disclosed that before the accident the wife did all the housework, including the family washing and cleaning house, and that on account of the injury, and her consequent disability, the appellee was put to large expense in the employment of domestic help who did the same work that the wife did while in health. Under this instruction the jury was required to allow him both for the value of the wife's services, and the sums paid to the domestics who took her place in consequence of the injury. This was clearly an error, and such an error as requires the reversal of the case.

The limit of the appellee's right to recover for the value of his wife's services and society covered a period of a few days over one year. The action is not brought to re-

7. cover damages for the death of the wife. This damage is presumed to be included in another form of action. There is nothing in the evidence showing that those items of damages for which the appellee was entitled to recover, that were capable of exact measurement, amounted to any considerable sum. Appellee was only able to recall the sum of $60 in cash that he had actually expended for the care and treatment of his wife during her sickness. There was evidence that the deceased wife had, in her lifetime and during her sickness, called at the office of Dr. Kimberlin, in

Indianapolis, from three to five times for advice and treatment, but appellee was unable to state what, if anything, he paid the doctor, or was charged for this service. There was also evidence that the family physician treated the deceased for several months, but appellee does not give the jury any information as to what was charged for these services. There was evidence that servants were hired for a few months during the sickness of the wife, and the family washing done away from home, but the sums paid for this work were not shown. There was also evidence that a woman who did nursing in the neighborhood was called in for a couple of weeks to nurse the daughter. The jury was not informed what she was paid, or what she charged for this service, and there is evidence also that relatives of the wife assisted in doing the housework and caring for the wife in her sickness, presumably without charge for their services, and that the appellee assisted in the care of his wife, and in doing the housework which she had done when in health, which he claims occasioned him to leave his business. The evidence shows that he was a tinner by trade, and carried on a business in the town in which he lived. There is no evidence before the jury upon which it could predicate damages on account of the neglect of the appellee's business, nothing to indicate what the profits of his business were, or that he lost any trade on account of his attendance upon his wife. It is shown that his place of business was kept open at all times.

So that at least three-fourths of the $5,000 damages assessed by the jury in favor of appellee must have been based exclusively upon the loss of the society and companionship of his wife, and it seems quite evident that the jury must have considered the loss to the appellee of his wife, and not the mere loss of her services and companionship for the brief period of one year. These damages seem to us excessive and unreasonable, and require the court to scrutinize carefully all questions arising in the record that could in any way affect the damages assessed.

For the error of the court in giving this instruction, the cause is reversed, with instructions to the court below to grant a new trial.