# INDIANAPOLIS & MARTINSVILLE RAPID TRANSIT COMPANY *v.* REEDER.

[No. 7,769.   Filed December 11, 1912.]

1. APPEAL.—*Review.—Verdict.—Excessive Damages.*—An award of damages will not be set aside on appeal on the ground of being excessive, except where the amount assessed is so large as to induce the belief that the jury acted from prejudice, partiality or corruption.   p. 537.

2. APPEAL.—*Subsequent Appeal.—Law of the Case.—Former Decision.*—In so far as it applies to the facts pleaded, or the evidence introduced thereunder, the decision on a former appeal is the law of the case on a subsequent appeal.   p. 537.

3. APPEAL.—*Subsequent Appeal.—Law of the Case.—Former Decision.*—The reversal of a cause on account of error in giving an instruction authorizing the jury to make a double assessment of damages for the same matter, did not establish as the law of the case that the damages assessed were excessive, though the court discussed the damages assessed and stated that in view of the evidence, they appeared excessive and unreasonable, especially where the evidence of damages in the subsequent trial was substantially different.   p. 537.

4. HUSBAND AND WIFE.—*Injury to Wife.—Damages.—Excessive Recovery.*—In an action for the death of plaintiff's wife in a railroad collision, where there was some evidence tending to show that plaintiff's actual expenses for funeral expenses, doctor bills, medicine, etc., and the value of the services of plaintiff and his family in caring for decedent, amounted to about $4,100, and that decedent was a strong, healthy woman at the time of the injury, thirty years of age, that she took good care of her home and made it attractive, that she did all the household work and made the clothing for her little girl and much of her own, that during the thirteen months following her injury she was constantly under the care of physicians, that her disposition and health wholly changed and that before her death she became insane, a verdict for $4,200 was not excessive.   p. 539.

5. APPEAL.—*Review.—Instructions.—Refusal of Requested Instruction.*—In an action for the death of plaintiff's wife in a

534    APPELLATE COURT OF INDIANA.

Indianapolis, etc., Transit Co. *v.* Reeder—51 Ind. App. 533.

railroad collision, the refusal of defendant's requested instruction that plaintiff could not recover for any loss or damage his daughter may have sustained by being deprived of the care and watchfulness of her mother, and the giving of an instruction in its stead incorporating the substance of such refused instruction and adding that plaintiff could recover the value of any service which his wife would have rendered to him in giving proper parental care of his daughter, was not erroneous.  p. 541.

6.  HUSBAND AND WIFE.—*Injury to Wife.—Damages.—Evidence.*—In an action by a husband to recover for the wrongful death of his wife the condition of the family and the value to the husband of the wife's services in giving his children proper care, are proper elements to be considered in fixing the damages.  p. 541.

7.  APPEAL.—*Review.—Instructions.—Refusal of Requested Instruction.*—The refusal of a requested instruction was not erroneous, where the court gave substantially the same instruction of its own motion.  p. 542.

8.  APPEAL.—*Review.—Instructions.—Refusal of Requested Instruction.*—In an action for the death of plaintiff's wife in a railroad collision, the court did not err in refusing defendant's requested instruction that plaintiff could not recover the value of services of relatives performed voluntarily and without promise of pay in caring for decedent, and in giving in its stead an instruction incorporating its substance and adding that plaintiff could recover the value of services rendered to him, though gratuitous, in taking care of decedent.  p. 543.

9.  APPEAL.—*Review.—Harmless Error.—Repetition of Instructions.*—While the repetition of instructions favorable to either side, when indulged in to such an extent as to indicate that prejudicial error resulted therefrom, will be cause for a reversal, the cause will not be reversed for repetitions due to the modification of instructions made to avoid confusion or conflict between the law of the case as requested by appellant and as given by the court in other instructions.  p. 544.

10.  HUSBAND AND WIFE.—*Injury to Wife.—Instructions.—Consideration as a Whole.*—An instruction, in an action for the death of plaintiff's wife, that if the jury found for plaintiff its verdict should be for such sum as would fully compensate him for the loss of his wife's services, society and companionship, from the date of the injury to the date of her death, is not objectionable on the ground that it assumes that plaintiff completely lost the services, society and companionship of his wife, when considered with the further statement therein that in estimating such loss it was proper to take into account only the services that his wife might reasonably have performed in his family, and in connection with an instruction that if plaintiff and his wife continued to

NOVEMBER TERM, 1912. 535

Indianapolis, etc., Transit Co. *v.* Reeder—51 Ind. App. 533.

live together until her death and were kind and affectionate to each other, the plaintiff could not recover for a complete loss of the society of his wife for that period. p. 544.

11. APPEAL.—*Review.—Instructions.—Consideration as a Whole.*— Where instructions, when considered in their entirety, are a full and fair statement of the law applicable to the case, technical objections offered to certain instructions which resulted in no harm to appellant fall within the provisions of §700 Burns 1908, §658 R. S. 1881, which prevents reversal where it appears that the merits of the cause were fairly tried and determined in the trial court. p. 545.

12. HUSBAND AND WIFE.—*Injury to Wife.—Measure of Damages.*— The damages recoverable by a husband for the death of his wife includes the pecuniary value of the wifely services, or consortium during the period intervening between her injury and her death. p. 546.

13. APPEAL.—*Decision.—Remittitur.*—A remittitur should be ordered only where the record discloses that the jury took into account some item or element not authorized by the law in arriving at the amount of its verdict, or that the judgment of the jurors was improperly influenced or obtained. p. 546.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Action by John C. Reeder against the Indianapolis and Martinsville Rapid Transit Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Thomas T. Moore* and *W. H. Latta,* for appellant.

*Silas A. Hays, George W. Brill* and *George C. Harvey,* for appellee.

HOTTEL, J.—This is an action for damages for the death of appellee's wife, alleged to have resulted from an injury received by her in a collision when a passenger on one of appellant's cars.

This is a second appeal, a former judgment for appellee having been reversed by this court. *Indianapolis, etc., Transit Co.* v. *Reeder* (1908), 42 Ind. App. 520, 85 N. E. 1042. There has been no change in the complaint since the former appeal, and as its sufficiency is not questioned, it is enough to say that it contains the averments common to complaints based on similar causes of action, viz., aver-

ments showing the relationship of passenger and carrier between decedent and appellant, the collision of the car on which the decedent was a passenger with another of appellant's cars, the negligence of appellant's servants in causing the collision, and the injury caused thereby to the wife of appellee.

Inasmuch as the question of excessive damages is emphasized in appellant's brief, and apparently relied on with much confidence both as furnishing a ground for reversal and an order of remittitur, we set out the substance of the averments showing the character of the injury, its effects on decedent and her condition thereafter.

It is averred that as a result of the collision decedent suffered wounds, cuts and bruises about the head, face, back, hips, legs and arms and a severe nervous shock; that she was strained and wrenched in the back, hip and spine, on account of which her nervous system was permanently injured; that she was injured on August 2, 1903, and continued to suffer and to require nursing and medical attention until her death on August 26, 1904; that as a result of said injuries she became sick and distressed in body and mind; ''that her mind became diseased and she became insane and violent and dangerous * * * in which condition she continued until the date of her death * * * ; that prior to the injury * * * she was a stout, hearty and accomplished woman of the age of thirty years and was a good companion, wife, mother and housekeeper; that during their said marriage [the marriage of appellee and deceased] they had born to them one child, to-wit: Hortense Reeder who was at the date of the injury * * * of the age of eleven years, and, up to that time had been under the care, management, control and education of plaintiff's said wife; that * * * plaintiff has been deprived of the services, society and companionship of his said wife, and has been compelled to spend in trying to

NOVEMBER TERM, 1912. 537

Indianapolis, etc., Transit Co. *v.* Reeder—51 Ind. App. 533.

cure and heal her a large sum of money, to-wit: One thousand dollars ($1,000) ; that he has been compelled to nurse her, which was reasonably worth the sum of five hundred dollars ($500.00) and has been compelled to expend other large sums of money on account of said injuries so received as aforesaid, and has been damaged in the sum of twenty-five thousand dollars ($25,000)." A demurrer to the complaint was overruled, and a general denial filed. The issues thus joined were submitted to a jury, which returned a verdict for appellee in the sum of $4,200. Appellant filed a motion for a new trial, which was overruled, with exceptions in its favor. The alleged error in this ruling is the only question presented by the appeal. It is first insisted that this motion should have been sustained, on the ground that the damages assessed by the jury were excessive.

The Supreme Court and this court have declared frequently that a judgment will not be reversed on such ground, except in a case where the amount assessed

1. by the jury is so large as to induce the court to believe that the jury must have acted from prejudice, partiality or corruption. *Louisville, etc., R. Co.* v. *Kemper* (1899), 153 Ind. 618, 53 N. E. 931; *Chicago, etc., R. Co.* v. *Vester* (1911), 47 Ind. App. 141, 93 N. E. 1039, and authorities there cited; *Southern R. Co.* v. *Crone* (1912), *ante*, 300, 99 N. E. 762.

But, in this connection, it is claimed by appellant

2. that this court, on the former appeal, reversed the case on account of the damages being excessive, and that such decision is now the law of the case. That decision is the law of the case in so far as it applies to the

3. facts now pleaded, or the evidence introduced thereunder. *Indiana Union Traction Co.* v. *Pring* (1912), 50 Ind. App. 566, 96 N. E. 180, 184; *City of Logansport* v. *Humphrey* (1886), 106 Ind. 146, 6 N. E. 337; *Keller* v. *Gas-*

*kill* (1898), 20 Ind. App. 502, 50 N. E. 363; *Brunson* v. *Henry* (1898), 152 Ind. 310, 52 N. E. 407; *Fort Wayne Iron, etc., Co.* v. *Parsell* (1912), 49 Ind. App. 565, 94 N. E. 770.

It should be stated in this connection, that appellant is insisting that there has been little or no change in the evidence, and that on this question it remains substantially the same as on the former appeal. Appellant is in error in its statement that the case was before reversed on the ground that the damages were excessive. The case was reversed on account of an error in giving an instruction on the measure of damages, which authorized the jury "to allow the appellee, as damages, the money value of the wife's services in taking care of the child and also what expense the husband might incur in employing others to take the mother's place in the care of the child," thus authorizing the jury to make a double assessment of damages for the same service. In discussing this instruction, and the error that probably resulted therefrom, this court did in that case discuss the damages assessed, and stated that, in view of the evidence, they appeared to the court excessive and unreasonable.

Appellant is also in error in assuming that the evidence remains substantially the same as on the former appeal. The statement of the court on the former appeal, indicated above, was based on a summary of the evidence there made by the court, which showed, in effect, that appellee, in the former trial, had failed to prove any actual outlay for expenses incurred, except $60; that he had failed to prove the value of the services of the nurses, or charges made by, or the amounts paid to physicians. After making this summary of the evidence, the court then stated that "at least three-fourths of the $5,000 damages assessed by the jury in favor of appellee must have been based exclusively upon the loss of the society and companionship of his wife." Under such evidence, this court very properly concluded that the damages appeared to be excessive, and that there-

fore harm had resulted from the erroneous instruction given, and reversed the cause on account of error in giving such instruction.

The record now discloses that there was evidence introduced before the jury (and appellant's brief sets it out) to the effect that appellee paid approximately $300

4. for the funeral expenses of his wife; that "in the thirteen months she lived" after receiving her injury he paid out about $1,000 for doctor bills, medicines and expenses of taking her to and from the doctors' and for nurses and assistants in caring for her and waiting on her. There was evidence, also, that the services of appellee and his family, in caring for and waiting on decedent in her last sickness, were of the value of $50 a week. Of the $300 funeral expense mentioned, it was admitted that the undertaker, if present, would testify that his bill, including only certain enumerated items, was $185.25. So that the case, as now presented, has some evidence tending to show an actual outlay for expenses of $1,300, and in addition thereto the value of the services of appellee and his family for about fifty-six weeks at $50 a week, or near $2,800. It is true that the cross-examination of appellee tended to show that said $2,800 probably included some items that were not a proper charge in a case of this character, and that the charge of $50 a week in the early part of the sickness of decedent was excessive, but conceding this to be true, the fact remains that there was some evidence before the jury, tending, at least, to show that appellee's actual pecuniary loss on account of the two items—funeral expenses and service of himself and family in nursing and caring for decedent—was near $4,100.

The record in the case further discloses that there was evidence introduced before the jury showing, or tending to show, that decedent when she was injured was a strong, healthy woman, thirty years of age, of fair education, and some talent for music, both vocal and instrumental; that

she used this talent in her home to add to its attractions, and that her efforts in this regard were a source of comfort, enjoyment and happiness to appellee; that she was of a cheerful and happy disposition in her home, and took great interest therein and in her family, which consisted of appellee and their daughter, eleven years of age when the mother was injured; that she did all her household work, including washing and ironing, and in addition "did lots of fancy work" with the needle, "made the little girl's clothes and much of her own"; that she took an interest in her yard and flowers, and in all the surroundings of the home, and did what she could to make it attractive and inviting. Such was the situation of appellee in his home at the time of and before his wife's injury, or at least the jury had the right to infer from the evidence in the case that such was the situation. What was the condition after the injury? The evidence now in the record shows or tends to show that after the injury there was a complete change in appellee's home environment. The wife was all the time under the care of one or more physicians of their home town of Plainfield, or of Indianapolis, a constant sufferer, nervous, irritable "not the same woman at all", no longer took any interest in her home, her child or her music, no longer made any effort to entertain or add to the comfort or enjoyment of husband or child, her condition gradually grew worse, she became depressed, gloomy and melancholy, crying at times, and later developing a disposition and desire to commit suicide, and requiring more or less attention day and night. This condition continued, gradually growing worse, until she became insane, and was finally brought to the Fletcher Sanitarium at Indianapolis, where she remained about two weeks, and died unconscious. In the light of this evidence, this court cannot now say that the amount of the damages assessed is so large as to induce the belief that "the jury must have acted from prejudice, partiality or corruption."

Error in giving and in refusing certain instructions is urged by appellant. In this connection it is first insisted that in giving instruction two, on its own motion, in lieu of instruction two, tendered by appellant, the court committed error. These instructions follow: Two, tendered by appellant: "The plaintiff in this case cannot recover for any loss or damage his daughter Hortense may have sustained by being deprived of the care and watchfulness of her mother, either during her sickness or after her death at any time. This daughter has no interest in this case and you must not assess any sum on account of any loss she may have sustained." Two, given by the court: "The plaintiff cannot recover in this action any damages or loss of parental care sustained by his daughter, Hortense Reeder, from the date of the injury until her mother's death or after; but he can recover the full value of any services which his said wife would have rendered to him in giving proper parental care and training to his said daughter or such care and attention as he was compelled, on account of the injuries to his wife, to furnish his daughter by others during said period of illness." The substance of appellant's instruction is incorporated in that given by the court, and the part added by the court is the law of the case as declared by this court on the former appeal. *Indianapolis, etc., Transit Co.* v. *Reeder, supra.* See, also, *Louisville, etc., R. Co.* v. *Rush* (1891), 127 Ind. 545, 26 N. E. 1010.

Evidence was admitted showing the loss of parental care, training and comfort to appellee's daughter. While no recovery should be allowed for the value of such items to the daughter, they were proper, as being of value to appellee, and as constituting a part of the loss to him resulting from the inability of his wife to furnish such service after her injury and prior to her death. The

condition of the family is a proper element to consider in fixing the damages. *Louisville, etc., R. Co.* v. *Rush, supra; Indianapolis, etc., Transit Co.* v. *Reeder, supra.*

Appellant complains of instruction five, given by the court in lieu of instruction three, asked for by appellant. These instructions are as follows: (3) "The plaintiff cannot recover for any expense for hiring help to do the work his wife would have done during the time she was sick, in doing housework or caring for his child and home. One of the items I have instructed you the plaintiff may recover for is the value of the services of his wife from the time of the accident to her death, in so far as he had lost said services. To give the plaintiff the amount of his loss of his wife's services during that time and also his expense in having her work done during that period would be to double the plaintiff's damage to that extent, which you must not do." (5) "The plaintiff cannot recover for any expense for hiring help to do work his wife would have done during the time she was sick—in doing housework or caring for his child and home. One of the items I have instructed you the plaintiff may recover for is the value of the services of his wife from the time of the accident to her death, in so far as he had lost said services." The substance of the instructions above set out are not materially different. That given by the court has the advantage of being more concise and direct, and is not subject to the criticism of being argumentative. It is sustained by the authorities cited.

Complaint is next made of instruction six, given in lieu of instruction eight, tendered by appellant. They are as follows: (8) "Plaintiff cannot recover for any loss of profits of his business. I have indicated in my instructions that plaintiff can recover for the value of his own services necessarily given in nursing his wife. If you were also to give him pay for any loss of profits by his being away from his business you would be doubling his damages in that par-

ticular, which you must not do." (6) "Plaintiff cannot recover for any loss of profits of his business. I have indicated in my instruction that plaintiff can recover for the value of his own services necessarily given in nursing his wife." What we have said with reference to instructions three and five, above given, is equally applicable to the last two.

Complaint is made of the action of the court in giving instruction three, in lieu of instruction four tendered by appellant. These instructions are as follows: (4) 8. "The plaintiff in this case cannot recover the value of the services of the mother of his wife or other relatives performed voluntarily and without pay or promise of pay, in caring for Mrs. Reeder during her sickness. Such services by members of the family, gratuitously rendered, are presumed to be rendered to the person who is sick and plaintiff could not recover the value of such services." (3) "The plaintiff in this case cannot recover the value of the services of her mother or other relatives performed voluntarily to and for Mrs. Reeder and without a promise of payment, either expressed or implied, in caring for her during her sickness. Services rendered voluntarily without a promise to pay, either expressed or implied, are presumed to be gratuitous; but the plaintiff may recover the reasonable value of services rendered gratuitously to the plaintiff in caring for his wife after the accident and occasioned by her injuries."

Here again appellant obtained the benefit of the substance of the instruction he asked, and it was not error for the court in the same instruction to advise the jury that appellee was entitled to any service rendered in taking care of the wife, which, though gratuitous, was rendered for him. In view of the fact that appellant, by the instruction tendered, was seeking to obtain the advantage of all gratuitous services rendered decedent, it was only fair to appellee that the court in the same connection should tell the jury under what

circumstances appellee would be entitled to the benefit of such gratuitous service. The feature added by the court was in accord with the law applicable to the subject of the instruction. *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239, 244, 3 N. E. 874; *Brosnan* v. *Sweetser* (1891), 127 Ind. 1, 8, 9, 26 N. E. 555; *Summers* v. *Tarney* (1890), 123 Ind. 560, 563, 564, 24 N. E. 678; *City of Bedford* v. *Woody* (1899), 23 Ind. App. 401, 405, 55 N. E. 499; *Indianapolis, etc., R. Co.* v. *Bennett* (1906), 39 Ind. App. 141, 145, 79 N. E. 389. In this connection it is insisted that the modifications of these several instructions tendered by appellant resulted in repetition of instructions favorable to appellee, and was therefore prejudicial to appellant. It is no doubt true that repetitions of instructions favorable to either side by the trial court is subject to criticism, and should be avoided, and such repetition, when indulged in to such extent as to indicate to this court that prejudicial error resulted therefrom, will be cause for reversal. The instructions in this case, when taken as a whole, have not so impressed the court. The modification of the above instructions evidences no intention on the part of the trial court to repeat instructions favorable to appellee, but rather evidences an effort to make the jury understand the instructions as a whole, and avoid any confusion or apparent conflict between the law of the case as requested by appellant and as given by the court in other instructions.

Objection is made to instruction fourteen, given at the request of appellee. The most serious objection urged against this instruction is that it assumes that appellee lost completely the services, society and companionship of his wife. The first part of the instruction told the jury that if it found for appellee, the verdict should be for such sum as would fully compensate him "for the loss of his wife's services, society and companionship" from the date of the injury, if such injury had been

NOVEMBER TERM, 1912.    545

Indianapolis, etc., Transit Co. *v.* Reeder—51 Ind. App. 533.

shown, to the date of the death, and standing alone would be subject to the criticism that it assumed there was such loss; but we think that this assumption was corrected by the language that followed. In what followed the jury was told, in effect, that in estimating such loss it was proper to take into account only "the services that his said wife might reasonably have performed in his family." Taking the instruction as a whole, we do not think that the jury could have been misled thereby to appellant's harm. It was expressly told, in instruction nine tendered by appellant, that "if plaintiff and his wife continued to live together until her death and were kind and affectionate to each other during that period, then plaintiff could not recover for a complete loss of the society of his wife for that period."

11. The instructions, when considered in their entirety, seem to have been a full and fair statement of the law applicable to the case, and the criticism offered against each instruction does not go to its substance, but is clearly of that technical character contemplated by §700 Burns 1908, §658 R. S. 1881, which resulted in no substantial harm to appellant, and therefor falls within the provision of said section intended to prevent reversal.

We feel that what we have said on the subject of excessive damages should be sufficient to justify a refusal to order the remittitur asked by appellant, but the earnestness and apparent honesty of conviction with which appellant's counsel have urged that the amount of this judgment is excessive, lead us to make the following additional observations on this subject. The amount of this judgment comes to us not only with the approval of the twelve jurors who last tried the case and the judge who presided over that trial, but the former appeal discloses that a larger judgment had the approval of the jurors who sat in that trial and the judge who presided. This alone should be sufficient to cause any court, even though its judgment might be different, to

hesitate and study well the evidence in the case before sub-stituting its judgment for that of the jury and the trial court.

Under the law, the pecuniary value of the "wifely serv-ices or consortium" of decedent during the period inter-vening between her injury and her death was a part 12. of the damages to be ascertained and assessed. See *Indianapolis, etc., Transit Co.* v. *Reeder, supra,* and cases there cited. These services may, and often do, include such services as might be rendered by hired servants, which have a fixed or market value, but they also include such serv-ices as a wife alone can render the husband; viz., such as she may extend to him by way of her society and counsel, her pervading superintendence and care over his household, her nurture, guidance and training of his children, and these services are not the subject of market value, but their value must depend on what the evidence shows to have been the home life and its surroundings and conditions, and the part the wife had to do with its making and keeping in each case. See *Indianapolis, etc., Transit Co.* v. *Reeder, supra,* and cases cited. See, also, *Sellech* v. *City of Janesville* (1899), 104 Wis. 570, 80 N. W. 944, 76 Am. St. 892, 47 L. R. A. 691, and cases cited.

The disposition, temperament, character and attainments of the wife, her interest manifested in her home and family, and in the comfort, happiness, education and general welfare of the members of the family, and many other elements, if developed by the evidence, may be taken into account, and finally, on a consideration of all the elements entering into such services, their value must be expressed in dollars and cents.

The best method of ascertaining such values known to the law is to obtain the consensus of opinion of twelve jurors, and it is only where the record discloses that 13. in arriving at such value such jurors took into account some item or element not authorized by the law, or

that their judgment was improperly influenced or obtained, that the appellate tribunal should, by a remittitur, substitute its judgment for theirs. No such showing is made by the record in this case. We find no error in the record.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 101. See, also, under (1) 3 Cyc. 381, 444; (2) 3 Cyc. 395; (3) 3 Cyc. 399; (4) 13 Cyc. 375; (5, 8) 38 Cyc. 1704; (6) 13 Cyc. 350; (7) 38 Cyc. 1711; (9) 38 Cyc. 1681; (10) 38 Cyc. 1778; (11) 3 Cyc. 444; (12) 13 Cyc. 370; (13) 3 Cyc. 436. Measure of damages for death of wife, see 17 L. R. A. 77; 19 L. R. A. (N. S.) 633; 9 L. R. A. (N. S.) 1193.