JACKSON ET AL. *v.* RECORD, ADMINISTRATOR ET AL.

[No. 26,823. Filed February 1, 1937.]

*Slaymaker, Merrill & Locke, Willard Dean* and *Tremain & Turner,* for appellants.

*Estal G. Bielby,* for appellees.

ROLL, J.—This was an action by appellee, Floyd Record, administrator of the estate of Rosa Lee Record, deceased, against appellants Harvey D. Jackson and Elza R. Jackson, and appellees, Carl C. Crider and Orein Billingsley, all of whom were defendants below, upon a complaint in one paragraph, for damages in the sum of ten thousand ($10,000.00) dollars, charging the wrongful death of one Rosa Lee Record under the statute, the said death being the result of the said Rosa Lee Record, deceased, having been struck by an automobile operated by the appellant Elza R. Jackson, and said automobile being operated for and on behalf of appellant Harvey D. Jackson.

Appellee's amended complaint was in one paragraph and alleged in substance: That the plaintiff is the duly appointed, qualified and acting administrator of the estate of Rosa Lee Record, deceased, and brings this action as such administrator; that on the 12th day of March, 1932, the appellant, Elza R. Jackson, was operating a Packard automobile on State Road 50 at Homestead, Dearborn County, Indiana, for and on behalf of appellant, Harvey D. Jackson, and in connection with the business of the said Harvey D. Jackson and as his agent, servant and employee; that the appellee, defendant below, Carl C. Crider, was the owner of a large automobile truck which was at said time and place,

being operated by the appellee, Orien Billingsley, defendant below, as the agent and employee of said Crider and for and on behalf of said Crider; that plaintiff's decedent was walking upon the extreme left side of said highway and was struck by the automobile driven by said Elza R. Jackson while carelessly, recklessly and negligently attempting to pass the automobile truck driven by said Billingsley; that the drivers of both the automobile and automobile truck were operating the same carelessly, recklessly and negligently and with an utter disregard for the safety of the said decedent; that the death of said Rosa Lee Record was caused by said striking her as aforesaid and because of the negligence, carelessness and recklessness of said drivers aforesaid and demanded judgment in the sum of $10,000.00.

Each of the defendants filed answer in general denial. The case was tried by a jury and the following verdict was returned:

"We, the jury, find for the plaintiff Floyd Record, as administrator of the estate of Rosa Lee Record, deceased, as against the defendants Elza R. Jackson and Harvey D. Jackson, and assess his damages at the sum of $7,500.00 and we find for the other defendants."

Upon this verdict, the following judgment was entered by the court:

"It is therefore considered and adjudged by the court, that the plaintiff do have and recover from the said defendants, Harvey D. Jackson and Elza R. Jackson, the sum of $7500.00 together with his costs and charges herein laid out and expended taxed at —— dollars and —— cents."

Appellants filed a motion for a new trial which was overruled, and the overruling of the motion for a new trial is the only error assigned for a reversal of this appeal.

Before discussing the alleged errors presented by

appellants' motion for a new trial, we shall determine whether this court has jurisdiction of the cause.

The judgment of the court is not set out in either appellants' or appellee's brief. The verdict of the jury is set out in appellants' brief, as above quoted, followed by the statement, "That judgment was rendered on the verdict." Appellee, in his brief, sets out the verdict but does not set out the judgment. The judgment above set out is quoted from page 89 of the record.

Whether or not the judgment as rendered by the trial court above set out, is a final judgment, from which an appeal can be taken, and whether the court on appeal has jurisdiction is not presented or raised by the parties hereto in their briefs, and no motion to dismiss was filed, but inasmuch as the Appellate Court dismissed the appeal with an opinion (199 N. E. 873), for the reason that the judgment herein was not a final judgment from which an appeal could be taken and dismissed the appeal for want of jurisdiction, we feel called upon to discuss that question in this opinion.

It will be noted that this is an action founded upon an alleged tort. The defendants are sued jointly as joint tort-feasors. The liability of the appellants and their co-defendants as joint tort-feasors is several and suit may be maintained against all, or one or any number of them. "There is no right of contribution that can be enforced as between such defendants or persons liable for the same tort. A satisfaction for such claim for damages obtained from one or any number of such defendants or persons so liable for the same tort ends all liability therefor as against any and all persons against whom liability might have been enforced before such satisfaction was obtained." *Smith* v. *Graves* (1915), 59 Ind. App. 55, 108 N. E. 168. In the case just cited the facts are very similar to the facts in the case at bar. There the plaintiff sued appellants

Smith, Bowser and Kocher for malicious prosecution of appellee on a charge of bribing a voter at the election in 1908. The jury returned the following verdict (p. 57):

" 'We, the jury, find for the plaintiff, Warren W. Graves, against the defendants Mortimer Smith, Levi Bowser, and we assess plaintiff's damages at one thousand dollars.' "

The following judgment was entered by the court (p. 58):

" 'It is now therefore ordered, adjudged, and decreed by the court that the plaintiff have and recover of and from the defendants Mortimer Smith and Levi Bowser the sum of $1,000.00 as damages herein, to which judgment of the court said defendants separately and severally excepted.' "

The question as to whether or not the above judgment was a final judgment from which an appeal could be taken for the reason that no specific finding for or against appellant Kocher, was made by the jury and no judgment entered for or against him by the court, was discussed by the court. The court very carefully and fully discussed the law governing the very question here under consideration. Many authorities were there cited and discussed. We are of the opinion that the law as there announced is sound and decisive of the question here, and upon the authority of that case and cases there cited, we hold that the judgment herein is a final judgment from which an appeal can be taken and that this court has jurisdiction. See *Southern Ry. Co.* v. *Elliott* (1908), 170 Ind. 273, 82 N. E. 1051, and cases cited.

The questions presented by appellants' motion for a new trial and discussed in their brief are: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the damages assessed by the jury are excessive; (4) the giving and refusing of certain instructions to the jury;

and (5) in refusing to set aside the submission of the cause, because of misconduct of counsel for the plaintiff in asking a certain question and eliciting the answers thereto.

Under the first assigned reason for a new trial, to wit, that the verdict of the jury is not sustained by sufficient evidence, appellant makes the point that there is a total failure to prove the earning capacity of the decedent, or that she ever earned any specific amount of money at any time, therefore there was no basis for a recovery. The evidence in the case shows that decedent and the plaintiff had been married for almost twenty-one years, that they had lived together as husband and wife during all that time; that they were the parents of three children, John Kenneth, William, and Nellie; that Nellie was twenty years old, William seventeen, and John Kenneth eleven years old, and that they had lived in the home all their lives; that the decedent took care of the children, did the washing and ironing for the family, took care of the home, did all the household work, mended the children's clothing, looked after them generally, saw that they were made ready for school and church. That she looked after her husband's comfort and welfare. That she was healthy and industrious; that she not only looked after her own household but she worked for other people, did washing and sewing for neighbors to earn money and help support the family. The morning she was killed she was on her way to work for a neighbor. That she was forty-two years of age and that she had had no serious sickness, and had a life expectancy of twenty-six and one-half years.

We think the above facts furnished a sufficient basis to go to the jury and from which they had a right to assess damages. In the case of *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822, the fol-

lowing instruction was given to the jury (p. 416), and approved on appeal:

> " 'In determining this question you may take into consideration the age of the decedent, at the time of her death, the number and ages of her children, her habits of industry and frugality, the condition of her health prior to the accident, her ability to perform labor, the care and attention given and bestowed by her upon her children and husband, and from a consideration of these matters and all other facts within the evidence relating to this subject you will award such sum as will, in your judgment, under the evidence, fully compensate the beneficiaries for the pecuniary loss they have sustained by reason of the wrongful death of the said Maggie M. Clark, not to exceed the sum of Ten Thousand Dollars.' "

A similar instruction was given and approved in the case of *Chicago, etc., R. Co.* v. *Biddinger* (1916), 61 Ind. App. 419, 109 N. E. 953. Petitions to transfer in both of the above cases were denied by this court.

In the case of the *Pittsburgh, Cincinnati, Chicago and St. L. Ry. Co.* v. *Burton* (1894), 139 Ind. 357, 37 N. E. 150, 38 N. E. 594, it is pointed out that in an action for the wrongful death that the value of the services of the deceased to the companion and infant children until they attain their majority is of a personal character, and are independent of those things purchasable from earnings. The court in the above case quotes the following with approval (p. 378):

> ". . . 'where the relation of the party, whose death has been caused, to those for whose benefit the suit is being prosecuted, has been shown, and his obligation, disposition, and ability to earn wages or conduct business, and care for, support, advise, and protect those dependent upon him, the matter is then to be submitted to the judgment and sense of the jury.' *Louisville, etc., R. W. Co.* v. *Buck, Admr.*, 116 Ind. 566; *City of Wabash* v. *Carver*, 129 Ind. 552."

It is further stated by the court (p. 378) :

"The ultimate question of the amount resting within the province and sound discretion of the jury, their finding will never be disturbed where the court can not say that improper motives have swayed them in ascertaining the amount returned. *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261; *Louisville, etc., R. W. Co.* v. *Pedigo,* 108 Ind. 481; *City of Wabash* v. *Carver, supra.*"

In applying the above rule to the facts in this case it will be observed that the relation of the deceased to the parties for whose benefit the suit is being prosecuted was shown, the place she occupied in the family, the duties she performed, her ability to perform them, the way in which she conducted the business of managing the household, the advice, care and attention she gave to the members of the family were all shown by the evidence. While it is true that no one testified as to the value of these services in dollars and cents, we do not think such evidence essential to the submission of such evidence to the jury. It is for the jury in the range of the discretion given them under the law and the evidence, and applying the results of their common observation and daily experience, to estimate and determine the value of such services.

We cannot say that the damages assessed are excessive under the facts and circumstances shown in the evidence, or that they abused their discretion in assessing the sum found.

We hold that the verdict was supported by sufficient evidence and not contrary to law.

Appellants next insist that the court erred in refusing to set aside the submission of this cause to the jury because of misconduct of the counsel for the plaintiff.

The record discloses that Clifford Wade was a witness called by appellee; that he lived in the neighborhood

of the plaintiff and heard the noise of the accident, and went up there immediately; that he saw the men carrying Mrs. Record into the house. After the accident, he, together with others, viewed the marks made by the Jackson car and the Crider truck on the road and was present when measurements and photographs were made by Leo Seitz, Charles Lowe, and George Lane on the morning of the accident. The attorney for appellee asked the witness what business Mr. Lowe was engaged in, to which the witness answered, "an attorney in the court." The witness was then asked, "What business is Mr. Seitz in?" The answer, "Insurance business." The record on this subject is as follows: Mr. Locke: "We object to the question." The court: "Wait, the court instructed the witness not to answer that question and he answered it, you are to disregard that and dismiss it from your minds what business these men are engaged in and give it no thought in this case." Mr. Locke: "I move the answer be stricken out." The Court: "Motion sustained." Mr. Locke: "I move the jury be instructed to disregard the answer." The Court: "Motion sustained." Mr. Locke: "I move to set aside the submission of this case to this jury because of the misconduct of the counsel in asking the question, the question being asked for the purpose of prejudicing the jury and for the reason that such question and answer prejudices the defendants Jackson and Jackson before the jury." The Court: "The motion to withdraw the submission of the case from the jury is overruled." Mr. Locke: "Exception." The Court: "You understand gentlemen you understand what the court said to you about disregarding the answers of these questions given to you by the witness and not to give it any weight whatsoever in any manner, shape or form. The last two questions and answers be entirely disregarded." Even though it be considered as an im-

proper question, the harm if any to appellant was cured by the prompt instruction of the court to the jury. *Home Telephone Co.* v. *Weir* (1913), 53 Ind. App. 466, 101 N. E. 1020; *Burford* v. *Dautrich* (1914), 55 Ind. App. 384, 103 N. E. 953. The court did not err in overruling appellant's motion to withdraw the submission to the jury.

The trial court refused to give appellant's tendered instruction No. 20. This instruction embodied the law of the road as set out in §47-515 Burns Ind. St. ■ 1933, Acts 1925, ch. 213, §38, p. 570, and properly stated the substance of this act. The court in instruction No. 11 read to the jury said statute *in toto*. The appellant had the benefit in substance of its own instruction No. 20. There was no error in refusing this instruction, which was in fact a duplicate of the one given.

Appellant complains of the court's instruction No. 31. This instruction stated the several elements of proof necessary to be made by plaintiff to entitle him ■ to recover against Crider and Billingsley, and the last part of the instruction of which appellant complains reads as follows:

". . . and if you find that the plaintiff has failed to sustain such burden of proof as to the defendants Carl C. Crider and Orien Billingsley, then the plaintiff is not entitled to recover against those said defendants and your verdict must be in favor of the defendants Carl C. Crider and Orien Billingsley."

Appellants' objection to the above instruction is that it contains the mandatory *"must"* instead of the milder term "should." They cite in support of their position, *Tippecanoe Loan, etc., Co.* v. *Jester* (1913), 180 Ind. 357-378, 101 N. E. 915. As we read this case it does not support appellants' contention, but on the other hand is authority for holding the above instruction not re-

versible error. In the instruction in the above case the court told the jury that in determining the credibility of witnesses and the weight of their testimony, "they *must* take into consideration the interest, the appearance upon the witness stand, the bias or prejudice of the witness if any be shown." The court held that this instruction was not erroneous because of the use of the mandatory "must." That the word *"must"* as used in that instruction only implies the duty to consider. We think it perfectly clear that in the case at bar the jury could not help but understand that the court was instructing them to the effect, that unless they found that plaintiff had proven certain facts, it would be their *duty* to find for the defendants named. We can see no other construction possible. The same objection is urged to the court's instruction No. 32. The same reasoning applies to it as to No. 31. There was no error in giving these instructions.

Appellant says that the court erred in giving instruction No. 38, of its own motion, and in refusing to give appellants' tendered instruction No. 23. Instruction No. 38 is as follows:

"In case you find for the plaintiff you will then inquire as to the amount of damages he may be entitled to. In fixing such damages, you may consider the age, health and earning capacity of said Rosa Lee Record as shown by the evidence; and fix the amount of damages as you believe will be a fair pecuniary compensation to her next of kin. But you cannot take into consideration the mental suffering or grief of the husband or children, loss of domestic or social happiness, if any, on their part, or culpability of the defendants or defendant, but the jury, if they find for the plaintiff, must be governed solely by the actual pecuniary loss that the next of kin of deceased have sustained by reason of her death, not however exceeding the sum of ten thousand dollars."

Appellants' tendered instruction No. 23 is as follows:

"The court instructs you that if you find from a preponderance of all of the evidence in this case that plaintiff is entitled to recover damages, then it will be your duty to assess the amount of damages that you think should be awarded to plaintiff under the evidence. It determining the damages to be awarded it will be proper for you to consider the age of decedent, the condition of her health previous to the accident complained of, her ability to earn money, and whether she did earn any money and the amount she was earning, if any, as shown by the evidence, how much, if any, she contributed, or would probably have contributed in the way of contributions and services for her surviving husband and children and whatever loss they may have sustained in that respect by her death; and you should also consider what said husband and children contributed or would probably have contributed in the way of support and provision for her; and you will deduct a reasonable value of such amount by the said husband and children so contributed, or which would probably have been contributed to her, from whatever pecuniary gain or benefits they have been deprived of by her death; and if the loss which they have so sustained exceeds in value contributions to her support which the husband and children were rendering and probably would have rendered to her, then the measure of damages will be the difference between the pecuniary gain or benefits of which they have been deprived of by her death and the contributions to her support which they were rendering and probably would have continued to render had she lived; if the pecuniary gains or benefits of which they have been deprived of by her death do not exceed the value of the contributions to her support which they were rendering and probably would render, there is no basis for the assessment or damages in favor of the plaintiff in this case."

Appellant points out that the instruction given omits the following elements, which the jury should have considered in assessing the amount of recovery:

(1) Whether she (the deceased) did earn money and the amount she was earning.

(2) How much, if anything, she contributed or

would probably have contributed in the way of contribution and services for her surviving husband and children and whatever loss they may have sustained in that respect by her death.

(3) The jury should consider what the husband and children contributed or would probably have contributed in the way of support and provisions for her.

(4) The jury should deduct a reasonable value of such amount by the said husband and children so contributed, or which would probably have been contributed by her, and deduct the same from whatever pecuniary gain or benefits they have been deprived of by her death.

(5) That the measure of damages will be the difference between the pecuniary gain or benefits which they have been deprived of by her death, and the contributions to her support which they were rendering and probably would have continued to render had she lived.

As to the correctness of the instruction No. 38, given by the court, the fact that it was not broad enough to cover the elements of damages pointed out in appellants' first and second objection above enumerated furnishes no just ground for them to complain. It may also be noted that the evidence herein did disclose that the deceased did work for her neighbors at different times, that she did washing, sewing, etc. The evidence does not show the extent of this work nor the amount of money she received therefor. No one testified as to the value in dollars and cents of the deceased's services either in or out of her own home. Appellant seems to predicate his theory of the measure of damages upon a mathematical precision the same as if it was a suit to recover the value of some particular kind of personal property that has a definite and fixed value. The measure of the damages in a case of this kind is not subject to such proof. It is said in *Chicago, etc., Ry. Co.* v. *Branyan* (1894), 10 Ind. App. 570, 586, 37 N. E. 190:

"The rule of damages in such case is a difficult one to apply. The damages are difficult of precise proof, uncertain and problematical. It is not necessary, however, in order to authorize a recovery in such case, that the next of kin should have a legal claim on the decedent, but it should be borne in mind that the administrator as their representative is entitled to recover only for the pecuniary value they would probably have derived, taking into account all contingencies and uncertainties, had his life not been terminated. The jury may estimate such pecuniary damages from the facts proved, in connection with their own knowledge and experience, which they are supposed to possess in common with the generality of mankind."

Appellants' theory of the measure of damages as set out in this instruction is not the correct measure of damages in cases of this kind. Under this instruction the jury would have been told that the measure of damages was the difference between the pecuniary gain or benefit of the wife's services and the pecuniary value of the contributions to her support which they were rendering and probably would render. This is not the proper measure of damages. While the loss to those who are entitled under the law to sue for damages in actions of this nature must be fixed in dollars and cents, and some of the elements of damages are subject to proof upon such basis, such as doctor bills, hospital and nurses' expense; yet there are other elements of damages involved that have no market value; that can't be bought or sold. They are not subject to expert testimony. The husband is entitled to wifely services and consortium; such services as a wife alone can render the husband. It was said in *Indianapolis, etc., Co.* v. *Reeder* (1912), 51 Ind. App. 533, 546, 100 N. E. 101, that:

"Under the law, the pecuniary value of the 'wifely services or consortium' of decedent during the period intervening between her injury and her death was a part of the damages to be ascertained and assessed. See *Indianapolis, etc., Transit Co.* v.

*Reeder, supra,* and cases there cited. These services may, and often do, include such services as might be rendered by hired servants, which have a fixed or market value, but they also include such services as a wife alone can render the husband; viz., such as she may extend to him by way of her society and counsel, her pervading superintendence and care over his household, her nurture, guidance and training of his children, and these services are not the subject of market value, but their value must depend on what the evidence shows to have been the home life and its surroundings and conditions, and the part the wife had to do with its making and keeping in each case. See *Indianapolis, etc., Transit Co.* v. *Reeder, supra,* and cases cited. See, also, *Sellech* v. *City of Janesville* (1899), 104 Wis. 570, 80 N. W. 944, 76 Am. St. 892, 47 L. R. A. 691, and cases cited.

"The disposition, temperament, character and attainments of the wife, her interest manifested in her home and family, and in the comfort, happiness, education and general welfare of the members of the family, and many other elements, if developed by the evidence, may be taken into account, and finally, on a consideration of all the elements entering into such services, their value must be expressed in dollars and cents.

"The best method of ascertaining such values known to the law is to obtain the consensus of opinion of twelve jurors, . . ."

Who could place a market value of the affectionate services of the wife in a home, the training and guidance of the children during their tender years? These are proper elements of damages which are not pecuniary losses in the strict sense of the word. They have no market value, they cannot be bought or sold. They are losses that only the jury, in the exercise of their common and everyday experience and good judgment, may estimate under the conditions as they are disclosed by all the evidence in the particular case and it is only when the record discloses that in arriving at such value that the jurors took into account elements not author-

ized by law or that their judgment was improperly influenced or obtained, that the appellate tribunal should disturb the finding of the jury on the question of damages.

It was said in *Pittsburgh, etc., R. Co.* v. *Hosea* (1899), 152 Ind. 412, 419, 53 N. E. 419, that:

> "To his child is allowed, not only for the loss of his support during infancy, but also the loss of parental care and training for the duties of active life."

Who could testify as to the value to a child or children in dollars and cents of parental care, protection, and training? These elements were not taken into consideration in appellants' instruction No. 38, and it is subject to the further objection that the contributions by the children to their mother's support was not limited to their minority, but as far as the instruction goes, the jury might take into consideration such contributions which the children might have made after they had obtained their majority. We do not think the court erred in refusing appellant's tendered instruction No. 38.

We find no reversible error in the record.

Judgment affirmed.

Tremain, J., not participating.