George J. HEUER, as Administrator of the Estate of Helen Heuer, Deceased

v.

Willard K. LOOP.

George J. HEUER; Dennis Heuer, a minor, b/n/f George J. Heuer; Merrily Heuer, a minor, b/n/f George J. Heuer

v.

Willard K. LOOP.

Nos. IP 61–C–222, 61–C–223.

United States District Court
S. D. Indiana,
Indianapolis Division.

Oct. 31, 1961.

Spangler, Jennings, Spangler & Dougherty, Gary, Ind., for plaintiffs.

Steers, Klee, Jay & Sullivan, Indianapolis, Ind., for defendant.

**STECKLER, Chief Judge.**

The first of these two actions came before the court on defendant's motion to dismiss. The claim is one for wrongful death predicated upon Ind.Ann.Stat. § 2–404 (Burns' Supp.1961). Under that section the action is brought by the personal representative and inures to the benefit of the widow, widower or dependent next of kin, or certain other specified beneficiaries, as the case may be. The defendant contends that since the complaint does not conclusively and clearly show that the action is for the benefit of a member of the categories specified in the statute, no cause of action is stated. Defendant cites no cases and plaintiff has not responded.

■ In a wrongful death action under Indiana practice, failure to allege the existence of one or more beneficiaries mentioned in the Wrongful Death Act makes the complaint subject to demurrer for failure to state a cause of action. Stewart v. Terre Haute & I. R. Co., 1885, 103 Ind. 44, 2 N.E. 208; State ex rel. Meriwether v. Walford, 1894, 11 Ind.App. 392, 39 N.E. 162. However, a mere general allegation that "decedent leaves heirs and next of kin who are entitled to damages, and who have been damaged," is sufficient to withstand a demurrer, and to permit introduction of evidence showing who are the proper beneficiaries. Commercial Club of Indianapolis v. Hilliker, 1898, 20 Ind.App. 239, 242–243, 50 N.E. 578, 580. A "cause of action" is not required to be stated under the Federal Rules of Civil Procedure, and thus, Indiana cases are not controlling. All that is required is that a "claim" be stated, "even absent the statement of facts sufficient to constitute a cause of action * * *." Joseph v. Farnsworth Radio & Television Corp., D.C.S.D.N.Y.1951, 99 F.Supp. 701, 704; 5 Cyc.Fed.Proc. § 15.165, pp. 149–150 (1951).

■■ Though much is to be desired in the wrongful death complaint, it is sufficient to withstand a motion to dismiss under the Federal Rules. A motion to dismiss should not be granted unless it appears certain that no facts to support a claim could be proved. Carroll v. Morrison Hotel Corp., 7 Cir., 1945, 149 F.2d 404; 2 Moore ¶ 12.08, p. 2245 (1960). Cf. 6 Moore ¶ 56.10, p. 2056 (1953). No such showing has been made. Accordingly, the motion to dismiss in Cause No. IP 61–C–222 is overruled.

The second action is by the widower, as an individual, for personal injuries to himself; property damage; medical expenses for, and loss of services of, his children; loss of consortium, companionship and services of his wife, both before and after her death; and as next friend, for the personal injuries suffered by his children, Dennis and Merrily.

In this action, defendant moves to strike rhetorical paragraph seven of legal paragraph V of the complaint,[1] the claim for medical expense and loss of consortium and services of the deceased wife. In support of the motion defendant cites and relies on Burk v. Anderson, 1952, 232 Ind. 77, 109 N.E.2d 407. Defendant asserts that since it is alleged that the wife died as a result of the accident and injuries sustained, plaintiff is not entitled to recover damages for

---

1. Here it is alleged "That the plaintiff, George Heuer, has incurred and for many months and years will continue to incur great hospital, surgical, medical, drug and allied expenses in an effort to mend and cure the many and diverse injuries sustained by plaintiff's wife, Helen Heuer; that the plaintiff's wife has for many months been prevented from pursuing her duties as a wife and will be prevented from pursuing her duties as a wife in the future; that it has been necessary for the plaintiff, George Heuer, to employ various persons to do the housework for his wife, Helen Heuer, and will in the future have to employ persons to do and perform domestic duties in his home; and the plaintiff, George J. Heuer, has further been for many months and will continue for many months and years to be denied and deprived of the consort, companionship, society, affection and service of his said wife, Helen Heuer."

loss of services and consortium that he may sustain in the future as a result of his wife's death; that the right to recover such damages terminated upon the death of the wife.

With respect to this claim, we are concerned with whether plaintiff is entitled to recover for loss of services and consortium after his wife's death.

In Indianapolis & M. Rapid Transit Co. v. Reeder, 1908, 42 Ind.App. 520, 522–523, 85 N.E. 1042, 1043, it was held that neither the death of the wife nor the Wrongful Death Act abate the common-law right of action in a husband for loss of services and consortium, and for sums expended for medical expenses prior to her death. In the same case, after a new trial, Indianapolis & Martinsville Rapid Transit Co. v. Reeder, 1912, 51 Ind.App. 533, 546, 100 N.E. 101, 106, the court stated that "the 'wifely services or consortium' of the deceased during the period intervening between her injury and her death were a part of the damages to be ascertained and assessed. * * *"

In the Burk case, supra, the action was brought by a wife for loss of support, society and maintenance, the Wrongful Death Act being expressly waived. That case merely held that even if a wife could maintain an action for loss of consortium, which a majority of the court agreed she could not, since the death of her husband occurred within a few hours after the commission of the alleged tort, no loss of support, maintenance and society could have resulted to her during that period. Citing a number of cases, 109 N.E.2d at pages 408–409, and by way of dictum, the court stated that so far as it could find, where a right of action is given to collect for the loss of services, support, maintenance, society, companionship, association, etc., usually considered as contained in the word consortium, the period during which recovery may be had for such loss is limited to the time between the date of the commission of the injury and the date of the death of the injured spouse. The court observed that the recovery for such continuing losses cannot extend beyond the life of the injured spouse.

By reason of the foregoing, this court concludes that the cause of action for loss of services, etc., prior to the wife's death, did not abate at the death of the wife, nor does the Wrongful Death Act supplant that action; that the loss recoverable is limited to the period between the date of the alleged injury and the death of the plaintiff's wife; that the portions of rhetorical paragraph seven of legal paragraph V of the complaint which relate to damages accruing after the date of death are subject to a motion to strike and should be stricken. To that extent the motion to strike is sustained.

Counsel for plaintiffs are directed to redraft legal paragraph V of the complaint so as to have it conform with this ruling and to file and serve the same within ten days hereof.