No. 10,008.

## NICHOLS *v.* NOWLING ET AL.

TORTS. — *Tortfeasors.* — *Contribution.* — *Contract.* — *Consideration.* — *Promise.*— There is no implied duty of contribution between tortfeasors, and, if a valid promise therefor can be made, there must be a consideration other than the fact of the tort and the relation of the accused parties to each other in the transaction; the promise of one who admits his own guilt to repay another whatever sum may be recovered of him by the injured party, made in consideration solely of the innocence of the promisee and of the guilt of the promisor, is not binding.

PLEADING.—*Contract.—Consideration.*—A pleading, based upon an agreement which does not express or import a consideration, should allege what the consideration was.

From the Washington Circuit Court.

*S. B. Voyles* and *H. Morris,* for appellant.

*D. M. Alspaugh* and *J. C. Lawler,* for appellees.

WOODS, J.—The circuit court sustained a demurrer for want of facts to the appellant's complaint. The second paragraph of the complaint, to which alone the briefs are addressed, charges, in substance, that the appellee William Nowling committed an unlawful assault and battery upon James J. Rutherford, and, in order to avoid prosecution and a suit for damages, for which he was liable, left the State, and went to Missouri; that thereafter Rutherford brought a suit for damages against the defendant and this plaintiff, together with others; that the defendant, not having been served with process, did not appear to the action and make defence for himself, but while the suit was pending, and after being informed by the plaintiff that it was pending, and after the plaintiff had been served with process, wrote and delivered to the plaintiff a letter, a copy of which is filed as a part of the complaint, whereby, in consideration of the plaintiff's innocence of participation in the offence, and in consideration of his own liability for said damages, which were then unliquidated; he promised and agreed to indemnify the plaintiff for any sum which he should have to pay on account of said suit; that

after receiving the letter containing said agreement, the plaintiff accepted the agreement, and, acting upon it, hired attorneys, and used every legitimate means of defence against the action, and yet, though innocent of the charge, Rutherford obtained a judgment and execution against him, upon which he was compelled to pay the sum of $500 which sum is now due from the defendant; wherefore, etc.

So much of the letter referred to as is relevant is of the tenor following, to wit:

"October 25th, 1874.

"MR. JOHN F. NICHOLS:

"*Dear Friend.*—I received your kind letter the other night. * * * I am sorry, John, to think that Jack is trying to get damages of you and Sam, when you didn't do a thing; I would swear that any time. If it costs you anything, I will pay every cent you have to pay, for you were not to blame. I respect you as a friend. * * * * *

"WM. NOWLING. Good-by, John."

It appears from the briefs, that the demurrer was sustained upon the view that the alleged contract was without consideration. We are of the same opinion. No consideration is expressed, as such, in the letter. The innocence of the plaintiff is acknowledged; there may be an inference of the defendant's guilt, though it is not directly stated. The friendly respect of the defendant for the plaintiff is avowed, so that the motive which impelled the defendant to make the promise is shown; but the motive for a promise is ordinarily quite a different thing from the consideration.

The consideration not being expressed nor implied in the writing which contains the promise, by a familiar rule of pleading, it was necessary to allege what it was. It is averred to have been the innocence of the promisee, and the guilt of the promisor, of a tort, for which an action had been commenced against the former, and to which the latter, named as a defendant in the complaint, was not a party in fact, because he had fled beyond the process of the court. If it were averred

that the promise of the defendant had been made in consideration that the plaintiff should defend the action to the best of his ability, and pay whatever judgment should be rendered against him, thereby discharging the defendant from his liability to the injured party, it may be that the one undertaking would have been a sufficient consideration for the other. We decide nothing on this point; but for all that is alleged in the complaint, the plaintiff was bound by no promise or undertaking, and was at liberty to make any compromise or adjustment with the injured party which he should choose to enter into, even though it left the defendant yet liable.

There is no implied obligation to contribute between tort-feasors, and if such liability can be created by express promise, the promise must rest upon some other consideration than the fact of the tort and of the relation of the accused parties to each other in the guilty transaction ; and in this respect we do not perceive that it makes any difference that the plaintiff is alleged to have been innocent and the defendant guilty. There must be some new consideration, such as mutual promises, the transfer of some value, the deprivation of some right or advantage, or the like, which the law recognizes as constituting a valid consideration.

If there was in this case any such consideration, it is not alleged in the complaint, and not being expressed in the writing sued on, it was necessary that the averment be made. The ruling complained of was therefore right.

Judgment affirmed, with costs.