Don McCLISH, Plaintiff,

v.

NIAGARA MACHINE & TOOL WORKS
and Allen-Bradley Co., Inc.,
Defendants.

NIAGARA MACHINE & TOOL WORKS,
Third-Party Plaintiff,

v.

ALLEN–BRADLEY CO., Inc., and Harper
J. Ransburg Co., Inc., Third-Party
Defendants.

No. IP 65–C–540.

United States District Court
S. D. Indiana,
Indianapolis Division.

March 29, 1967.

988

Alan H. Lobley, Indianapolis, Ind., for plaintiff.

Harry A. Wilson, Jr., Indianapolis, Ind., for Niagara.

Murray, Stewart, Irwin & Gilliom, Indianapolis, Ind., for Allen-Bradley.

David B. Lockton, Indianapolis, Ind., for Ransburg.

## MEMORANDUM OPINION

DILLIN, Judge.

This cause comes before the court for ruling on the motion of one of the third party defendants, Harper J Ransburg Company, Inc. ("Ransburg") for summary judgment dismissing the third party complaint of Niagara Machine and Tool Works ("Niagara") for failure to state a claim upon which relief may be granted as to it.

The amended complaint states a claim for personal injuries against Niagara

and Allen-Bradley Co. ("Allen"), based upon the alleged breach of implied warranties that a press and foot switch were free from defects and not unreasonably dangerous to the user (plaintiff). Plaintiff is employed by Ransburg, which purchased the press and foot switch from Niagara. Niagara, in turn, purchased the foot switch from Allen. Plaintiff has been paid benefits by Ransburg under the Indiana Workmen's Compensation Act.[1]

█ The third party complaint alleges a duty on Ransburg to indemnify Niagara as to any judgment recovered by plaintiff against it, alleging (1) that the proximate cause of the accident was negligence on the part of Ransburg, (2) that the press was manufactured, designed, and equipped pursuant to Ransburg's instructions, (3) that Ransburg represented to Niagara that the press would be operated pursuant to certain safety procedures and with the use of certain safety equipment which would render it safe, and (4) that it sold the press and switch relying on Ransburg's representations that they were appropriate for its intended work. We disregard Niagara's second contention, as above summarized, as being completely destroyed by its sworn answers to plaintiff's interrogatories, in which it states that the press was designed by its engineering department and the foot switch by Allen. Such answers overcome the allegations of Niagara's pleading.[2]

█ As to its other allegations, it is obvious that Niagara contends either that (a) the negligence of Ransburg was the sole proximate cause of the accident, or (b) both Niagara and Ransburg were negligent. To the extent that the third party complaint may be construed as alleging negligence on the part of Ransburg to have been the sole proximate cause of the accident, it is insufficient to state a claim for indemnity. Such a contention amounts to nothing more than a claim that plaintiff has sued the wrong party, and is a complete defense to the original action, provable under a simple denial of liability. In order to determine whether a claim is stated on the theory that both Niagara and Ransburg were negligent, but that Ransburg is liable over to Niagara, we must examine the common law of Indiana regarding indemnity.

█ The right to indemnity and the corresponding obligation to indemnify generally spring from contract, express or implied, and in the absence of an express or implied contract a right to indemnity generally does not exist.[3] When indemnity is the subject of an express contract, Indiana takes the broad view that parties may lawfully bind themselves to indemnify against future acts of negligence, whether the negligence indemnified against be that of the indemnitor or his agents or that of the indemnitee or his agents.[4] In the absence of express contract, however, Indiana follows the general rule that there can be no contribution[5] or indemnity[6] as between joint tort-feasors. There are, however, well recognized exceptions to such general rule, wherein the right to indemnity is implied, and so the question is as to whether Niagara pleads a claim falling within such an exception.

██ The simplest exception is presented in cases of derivative liability,

1. Burns Ind.Stat.Ann., §§ 40–1201 et seq.

2. Dismore v. Aetna Casualty and Surety Company, 7 Cir., 1964, 338 F.2d 568, 4 Ind.Dec. 197.

3. 42 C.J.S. Indemnity § 2, page 564.

4. Loper v. Standard Oil Co., 1965, Ind. App., 211 N.E.2d 797; Indemnity Insurance Co. of North America v. Koontz-Wagner Electric Co., 7 Cir., 1956, 233 F.2d 380.

5. Jackson v. Record, 1937, 211 Ind. 141, 5 N.E.2d 897; Nichols v. Nowling, 1882, 82 Ind. 488; American Express Company v. Patterson, 1881, 73 Ind. 430; Hunt v. Lane, 1857, 9 Ind. 248; Smith v. Graves, 1915, 59 Ind.App. 55, 108 N.E. 168.

6. Silvers v. Nerdlinger, 1868, 30 Ind. 53; City of Gary v. Bontrager Construction Co., 1943, 113 Ind.App. 151, 47 N.E.2d 182.

where a principal or employer who has been held negligent under the doctrine of respondeat superior only because of some act of his agent or employee is allowed to recover indemnity from the one guilty of the actual negligent act.[7] Such right is founded upon the separate duty of the agent or employee running to the principal or employer to use due care in the performance of his duties. Similarly, in the reverse situation where a servant performs an act not openly or apparently wrongful at the command of his master, he has a right to indemnity from the master.[8]

■ Another exception is that one who is constructively liable to a third person by operation of some special statute or rule of law which imposes upon him a non-delegable duty, but who is otherwise without fault, is entitled to indemnity from one who directly causes the harm. So it has been held in numerous Indiana cases that a municipality, charged with the non-delegable duty of maintaining its streets and sidewalks in a reasonably safe condition for travel, may have indemnity against the tortfeasor whose wrongful act or omission actually created the hazard which resulted in liability thus being imposed upon the municipality.[9] It may be said here that the indemnitor is obigated to the municipality for breach of its separate duty to the municipality not to create a nuisance in the public way. It is extremely important to note, however, that when the municipality is itself charged with, and found to have been guilty of a negligent act or omission which contributed to cause the injury, indemnity is denied as against one guilty of a concurrent act of negligence. City of Gary v. Bontrager Construction Co., 1943, 113 Ind.App. 151, 47 N.E.2d 182.

■ Similarly, as between the supplier of a defective product which does harm to an ultimate purchaser or user and the merchant who stocks and sells it as received, the merchant is entitled to indemnity from the supplier. The merchant is liable to the user for breach of his implied warranty of merchantability, and the supplier is liable to the merchant for breach of precisely the same warranty running to the merchant.[10] But again, the right of indemnity is destroyed if the merchant knew, or should have known of the defect before reselling the product.[11]

In the case of J. C. Penney Company v. Westinghouse Electric Corporation, 7 Cir., 1965, 351 F.2d 561, 6 Ind.Dec. 625, a minor obtained a judgment against both Penney and Westinghouse for personal injuries caused by an improperly maintained escalator in the Penney store, and judgment over was entered against Westinghouse in favor of Penney. Westinghouse had undertaken by written contract to inspect, service and maintain the escalator in a proper and safe operating condition, and assumed liability on account of accidents except those "directly due" to the negligence of Penney. In affirming the judgment of indemnity, based on the contract, the Court of Appeals pointed out that the judgment against Penney was based on its non-delegable duty to keep its store premises in a reasonably safe condition, but that it was otherwise free from fault.

■ So it may be seen that concurrent negligence on the part of one claiming the right to indemnity takes the case out of the exception, and prohibits indemnity. Niagara argues that this is not necessarily so, citing cases from other jurisdictions which make a distinction

7. Indiana Nitroglycerin & Torpedo Co. v. Lippencott Glass Co., 1905, 165 Ind. 361, 75 N.E. 649; Biel, Inc. v. Kirsch, 1958, 130 Ind.App. 46, 153 N.E.2d 140.

8. Holbrook v. Nolan, 1937, 105 Ind.App. 75, 10 N.E.2d 744.

9. McNaughton et al. v. City of Elkhart, 1882, 85 Ind. 384; Town of Centerville v. Woods et al., 1877, 57 Ind. 192.

10. Frank R. Jelleff, Inc. v. Pollak Bros., Incorporated, N.D.Ind., 1957, 171 F.Supp. 467.

11. Grummons v. Zollinger, N.D.Ind., 1960, 189 F.Supp. 64.

between so-called "active" and "passive" negligence, and permit indemnity in favor of parties found guilty only of "passive" negligence. This concept creates a separate and distinct exception to the general rule. But any distinction between "active" and "passive" negligence has been specifically repudiated in Indiana,[12] and we would therefore not be justified in attempting to create an exception based upon a concept which the Indiana courts have expressly denied. Erie Railroad Co. v. Tompkins, 1938, 302 U.S. 671, 58 S.Ct. 50, 82 L.Ed. 518.

Where the negligent acts of parties concur in producing an injury, they are jointly and severally liable [13] not only where there is a breach of a common duty owing by them, but also where their acts of negligence are separate and independent.[14] In either situation they would be joint tort-feasors, in pari delicto, and no right to indemnity would exist. But if the negligence of a defendant does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, such acts are not concurrent, and and the existence of the condition is not the proximate cause of the injury.[15] So in this case, if Niagara was negligent and such negligence was a concurrent proximate cause of the accident, it would not be entitled to indemnity; if it was negligent, but its negligence only furnished a condition by which the injury was made possible, and was not a concurrent cause, then it would not be liable in the first instance, and the question of indemnity would be moot.

It is our view of the Indiana law of indemnity that the right to indemnity may be implied at common law only in favor of one whose liability to a third person is solely derivate or constructive, and only as against one who has by his wrongful act caused such derivate or constructive liability to be imposed upon the indemnitee. If the rule is thus stated, confusion based upon "active/passive," "omission/commission" or "primary/secondary" concepts should disappear.

Applying such rule to this case, it is at once apparent that nothing which Ransburg did or failed to do could have the result of imposing constructive or derivative liability upon Niagara. Neither the relation of principal and agent or master and servant existed between them. No statute or rule of common law imposed any non-delegable duty of care on Niagara by which it could be subjected to liability by reason of the independent negligent act of Ransburg. Although Niagara argues a contractual relationship sufficient to predicate indemnity, it is obvious that when the sole contractual relationship between the parties is merely that arising out of a fully executed sales contract, the warranties run from the manufacturer to the purchaser and ultimate users, and not the reverse. We know of no case holding that the purchaser of a machine owes a duty to the manufacturer or seller to use it in any particular manner, and have been cited to none. The misuse of a machine by its owner, in and of itself, could not possibly reach back so as to subject the manufacturer to liability to anyone;

12. Indiana Harbor Belt R. Co. v. Jones, 1942, 220 Ind. 139, 41 N.E.2d 361.

13. Bessler v. Laughlin, 1907, 168 Ind. 38, 79 N.E. 1033; Beaning v. South Bend Electric Co., 1910, 45 Ind.App. 261, 90 N.E. 786.

14. Cleveland, C. C. & St. L. Ry. Co. v. Hilligoss, 1908, 171 Ind. 417, 86 N.E. 485.

15. Slinkard v. Babb, 1953, 125 Ind.App. 76, 112 N.E.2d 876, reh. den. 125 Ind.App. 76, 117 N.E.2d 564, trfr. den. 233 Ind. 633, 122 N.E.2d 463.

therefore, there would be no occasion for indemnity.

We have previously pointed out that Niagara's allegations that it manufactured, designed and equipped the press pursuant to Ransburg's instructions have been negatived by its answers to interrogatories. Assuming, however, that its allegations were true, the rule is that a builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow, unless they are so apparently defective that an ordinary builder (manufacturer) of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury.[16] So if Niagara did in fact rely upon Ransburg's specifications, and was justified in doing so, it would be exonerated and the question of indemnity would again be moot. If it followed Ransburg's specifications, but should not have done so in the exercise of ordinary care, then it would have been guilty of concurrent negligence and no right to indemnity would exist.

It therefore appears to us that there is no possible theory upon which the third party complaint may be said to state a claim as against Ransburg, under Indiana law, and it is accordingly dismissed.

Ransburg's brief is not directed to any of the foregoing propositions, but rather would have the court determine that the Indiana Workmen's Compensation Act is an absolute bar to the recovery of indemnity at common law by a third party tort-feasor, held liable for injuries to the employee of another, as against the employer bound by the provisions of the Act. Resolution of this question is of considerable importance, but since the Indiana courts have not as yet ruled upon the question, and its determination is not necessary here, we do not feel it appropriate to consider it at this time.

16. Travis v. Rochester Bridge Co., 1919, 188 Ind. 79, 122 N.E. 1; Davis v. Hen-

derlong Lumber Company, N.D.Ind., 1963, 221 F.Supp. 129.