**INLAND OIL & TRANSPORT
CO., Plaintiff,**

v.

**CITY OF MOUNT VERNON,
Defendant.**

No. EV 78–133–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Sept. 20, 1985.

Hubert I. Binowitz, Goldstein & Price, St. Louis, Mo., for plaintiff.

Phil Siegel, Combs & Siegel, Evansville, Ind., Henry C. Hudson, Mt. Vernon, Ind., Hawley, Hudson & Almon, R. Lawrence Daly, Lynn, Wright & Daly, Evansville, Ind., for defendant.

MEMORANDUM ORDER

BROOKS, District Judge.

This matter comes before the Court upon a motion by the Fourth Party Defendant, Bessie E. Hironimus d/b/a Hironimus Food Center (hereinafter "Hironimus") to dismiss the Fourth Party Complaint. In the

present complaint, the City of Mount Vernon (hereinafter "Mt. Vernon") as the Third Party Defendant and Fourth Party Plaintiff is seeking indemnification or in the alternative, contribution should an adverse judgment be rendered against the City of Mt. Vernon.

## FACTUAL SUMMARY

The present fourth party complaint stems from the third amended third party complaint of Inland Oil and Transport Co. (hereinafter "Inland"), which alleges that Mt. Vernon is liable to Inland as a result of negligence and its breach of implied warranty of workmanlike performance in providing Inland's vessel a reasonably safe mooring place. Mt. Vernon, by way of its fourth party complaint, brought in Hironimus as a fourth party defendant. Hironimus is averring that these theories of liability are the same which were alleged against Hironimus in an earlier summary judgment proceeding before this Court. This Court on 24 August 1984 granted Hironimus' motion for summary judgment and entered final judgment in favor of Hironimus on the aforementioned theories of liability. In the prior proceeding, this Court found that the original action filed by Albert L. Muller against Inland was based in Federal Admiralty law, to-wit: the Longshoremens' and Harbor Workers' Compensation Act (hereinafter "LHWCA"). Pursuant to the LHWCA this Court found that Hironimus could not be liable to Inland, the vessel owner, on theories of negligence and breach of an implied warranty of workmanlike performance.

In resolving Hironimus' motion to dismiss the Court must focus on two issues:

(A) Whether Hironimus may successfully defend against the Fourth Party Complaint by asserting collateral estoppel.

(B) Whether the LHWCA prohibits a non-vessel (Mt. Vernon) from seeking indemnification from the stevedore-employer Hironimus on the basis of an implied contract of indemnity.

## A. WHETHER HIRONIMUS MAY SUCCESSFULLY DEFEND AGAINST THE FOURTH PARTY COMPLAINT BY ASSERTING COLLATERAL ESTOPPEL

While Federal Rules of Civil Procedure 12(b) does not expressly prescribe collateral estoppel as a ground for pre trial dismissal, "it is generally held that in the interest of efficient and expeditious judicial administration, res judicata [and, as a corollary, collateral estoppel] can be raised and considered via pre trial motion to dismiss." *Pyles v. Keane*, 418 F.Supp. 269 (S.D.N.Y. 1976); see, *Thistlethwaite v. City of New York*, 362 F.Supp. 88, 91 (S.D.N.Y.1973).

Hironimus is attempting to employ the defensive use of collateral estoppel. As a prerequisite, however, the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue in a prior proceeding. *Speaker Sortation Systems, Division of ATO, Inc. v. United States Postal Service*, 568 F.2d 46, 48 (7th Cir.1978); *Butler v. Stover Bros. Trucking Co.*, 546 F.2d 544, 551 (7th Cir.1977). The effect of successfully asserting collateral estoppel against a party who had a fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Therefore, due to the severe effect of the doctrine, it is imperative that each element of the doctrine be satisfied.

One element of collateral estoppel is that the issues in the present action be identical to the issues on the prior adjudication. *Oldham v. Pritchett*, 599 F.2d 274 (8th Cir.1979). Hironimus is alleging that the issues in the earlier proceeding, in which Hironimus was a third party defendant, are the same as in the present action. Hironimus further reasons that since this Court dismissed Inland's third party suit against it, then accordingly, the present suit should be dismissed. This reasoning must fail.

The issues that were litigated in the prior adjudication are not identical to the issues presented herein. For the Court in the prior adjudication determined that Albert L. Muller was a longshoreman pursuant to 33 U.S.C. § 905; that Hironimus was an employer under the LHWCA; and Inland was precluded from recovering either directly or indirectly from Hironimus (Memorandum Order of August, 1984). Mt. Vernon, on the other hand, is not seeking to relitigate those particular prior issues or allegations. Instead, Mt. Vernon seeks indemnification or, in the alternative, contribution in the event an adverse judgment is reached against it. As noted supra, before one can apply collateral estoppel one must have had a full and fair opportunity to litigate the issues in a prior proceeding. *Butler*, 546 F.2d 544; *Speaker Sortation Systems*, 568 F.2d 46. This Court, in the prior adjudication, did not address the issue of Mt. Vernon recovering from Hironimus on these theories of indemnification and contribution. Consequently, collateral estoppel may not successfully be applied against Mt. Vernon.

**B. WHETHER THE LHWCA PROHIBITS A NON–VESSEL (MT. VERNON) FROM SEEKING INDEMNIFICATION FROM THE STEVEDORE–EMPLOYER (HIRONIMUS) ON THE BASIS OF AN IMPLIED CONTRACT OF INDEMNITY**

This issue has presented varied results among the federal circuit and district courts that have been confronted with the same. See *Fitzgerald v. Compania Naviera LaMolinera*, 394 F.Supp. 402 (E.D.La. 1974); *Spadola v. Viking Yacht Co.*, 441 F.Supp. 798 (S.D.N.Y.1977); *Crutchfield v. Atlas Offshore Boat Serv., Inc.*, 403 F.Supp. 920 (D.C.La.1975); *Gould v. General Mills, Inc.*, 411 F.Supp. 1181 (W.D.N.Y.1976). The LHWCA, 33 U.S.C. § 905(b) provides in pertinent part:

(b) In the event of injury to a person covered under this Act caused by the negligence of a *vessel*, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such *vessel* as a third party in accordance with the provisions of section 33 of this Act [33 USCS § 933], and the employer shall not be liable to the *vessel* for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the *vessel* to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the *vessel*. If such person was employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner, owner pro hac vice, agent, operator, or charterer of the *vessel*, no such action shall be permitted, in whole or in part or directly or indirectly, against the injured person's employer (in any capacity, including as the *vessel's* owner, owner pro hac vice, agent, operator, or charterer) or against the employees of the employer. The liability of the *vessel* under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the *vessel* except remedies available under this Act. (Emphasis added)

Preliminarily, this Court must determine whether Section 905(b) applies to non-vessels. The Second Circuit in *Zapico v. Bucyrus Erie Co.*, 579 F.2d 714, 721 (2nd Cir.1978) held that § 905(b) explicitly cuts off indemnity only to a vessel. The court in Zapico, after reviewing the legislative history, elaborated further:

There is no assurance ... that if Congress had considered non-vessels, it would have cut them off as well in order to make compensation payments the sole liability of the employer and to stop triangular suits once and for all. The ship owners got a *quid pro quo* for the loss of their indemnity rights ... no such *quid pro quo* was offered to non-vessels. Given the clear statutory language and the absence of legislative history at vari-

ance with it we would hesitate to hold that § 905(b) by its own force cuts off the availability of *Ryan [Stevedoring Co. v. Pan-Atlantic S.S. Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956)] indemnity to non-vessel in all cases where the concurring negligence of a stevedoring company has caused injuries to the latter's employees, ... for example, although we do not intend these to be exclusive where there is a direct contractual relationship between the 3rd party and the stevedore or where the 3rd party is designated as a beneficiary of an express contract between the stevedore and a vessel. *Zapico,* 579 F.2d 714, 721-22.

In *Pippen v. Shell Oil Co.,* 661 F.2d 378, 387 (5th Cir.1981), the Fifth Circuit stated that "§ 905(b) expressly cuts off indemnity only to a vessel and makes no specific reference to the right of a third-party non-vessel ... to bring an indemnity action against the employer." The Fifth Circuit, however, did not adopt the Second Circuit's rule, *in toto,* for the non-vessel. [*Pippen*] failed to show that an indemnity agreement existed between it and the employer].

Other federal district courts have given § 905(b) a broad construction and have extended to non-vessels the prohibition of indemnity claims against stevedores. *Fitzgerald,* 394 F.Supp. 402; *Spadola,* 441 F.Supp. 798.

This Court follows the view espoused in *Pippen* and *Zapico,* and concludes that Mt. Vernon is not prohibited by the LHWCA from asserting indemnity claims against Hironimus. This standing alone, however, will not cause the fourth party complaint to be dismissed, for Mt. Vernon must prove a contractual relationship with Hironimus. *Zapico.*

Thus, our focus turns to § 905(a) of the LHWCA, which provides that the liability of an employer subject to the compensation provisions of the LHWCA:

> ... Shall be exclusive and in place of all other liability of such employer to the employee ... and anyone otherwise entitled to recover damages from such em-

ployee, at law or in admiralty *on account of* such injury or death ... (Emphasis added).

Hence, the question is whether Mt. Vernon's Fourth Party action for indemnity against Hironimus is based solely on account of the injury to Muller, the injured longshoreman.

■ Only where there exists an independent contractual relationship which creates an independent duty on the part of the employer to indemnify the Fourth Party Plaintiff can the exclusive liability provision of the LHWCA be overcome. *Zapico,* at 722; *Ocean Drilling & Exploration Co. v. Berry, Brothers Oilfield Service, Inc.,* 377 F.2d 511, 512 (5th Cir.) *cert. denied,* 389 U.S. 849, 88 S.Ct. 102, 19 L.Ed.2d 118 (1967).

In order to succeed, Mt. Vernon must establish either an express or implied contractual right to indemnification from Hironimus. *In re General Dynamics Asbestos Cases,* 539 F.Supp. 1106, 1109 (D.Conn. 1982).

> Three different sets of circumstances may give rise to a right to indemnification. First, an express agreement may create a right to indemnification. W. Prosser, *Law of Torts,* § 51 (4th Ed. 1971). SECOND, a contractual right to indemnification may be implied from the notice of the relationship between the parties. *Ryan Stevedoring Co. v. Pan-Atlantic SS. Corp.,* 350 U.S. 124, 133-34, 76 S.Ct. 232, 237-38. 100 L.Ed. 133 (1956). THIRD, a tort based right to indemnification may be found where there is a great disparity in the fault of the parties. *Zapico* at 718.

Mt. Vernon is seeking indemnification on the second theory. Mt. Vernon is alleging that Hironimus is a licensee of the City.

Indiana law provides that the right to indemnity and the corresponding obligation to indemnity generally spring from contract, express or implied, and in the absence of an express or implied contract a right to indemnity generally does not exist.

*McClish v. Niagara Machine and Tool Works,* 266 F.Supp. 987 (S.D.Ind.1967).

When indemnity is the subject of an express contract, Indiana takes the broad view that parties may lawfully bind themselves to indemnity against future acts of negligence, whether the negligence indemnified against be that of the indemnitor or his agents or that of the indemnitee or his agents. *Loper v. Standard Oil Co.,* 138 Ind.App. 84, 211 N.E.2d 797 (1965). In the absence of express contract, however, Indiana follows the general rule that there can be no contribution or indemnity as between joint tort feasors. *Jackson v. Record,* 211 Ind. 141, 5 N.E.2d 897 (1935); *City of Gary v. Bontrager Construction Co.,* 113 Ind. App. 151, 47 N.E.2d 182 (1943).

There are, however, exceptions to the stated general rule. The exceptions arise whereby the right to indemnity is implied. *McClish,* 266 F.Supp. 987.

█ The relevant exception in the case at bar is that one who is constructively liable to a third person by operation of some special statute or rule of law which imposes upon him a non-delegable duty, but who is otherwise without fault, is entitled to indemnity from one who directly causes the harm. *McClish,* 266 F.Supp. 987, Indiana cases have held that a municipality, charged with the non-delegable duty of maintaining its streets and sidewalks in a reasonably safe condition for travel, may have indemnity against the tort feasor whose wrongful act or omission actually created the hazard which resulted in liability, thus being imposed upon the municipality. *McNaughton et al v. City of Elkhart,* 85 Ind. 384 (1882); *Town of Centerville v. Woods et al,* 57 Ind. 192, (1887); *State v. Thomas et al,* 169 Ind.App. 13, 346 N.E.2d 252 (1976).

Consequently, this case differs from *Pippen,* 661 F.2d 378, in that Mt. Vernon has produced some evidence of an implied contract of indemnity, to-wit: its status as a municipality and Hironimus as a licensee. The court in *Pippen* affirmed an order granting summary judgment, for the nonvessel third party, for plaintiff failed to show that a contract for indemnity existed. Thus, in reviewing the dismissal of Mt. Vernon's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), this Court must consider the complaint in a light most favorable to Mt. Vernon, with every inference drawn in its favor. A complaint is subject to dismissal only if it is clear from the face of the complaint that under no circumstances may relief be granted. *Pointer v. American Oil Company,* 295 F.Supp. 573 (S.D.Ind.1968).

Hence, with this standard, this Court finds that Mt. Vernon is asserting a claim for which relief may be had. Accordingly this Court FINDS that Hironimus' motion to dismiss is DENIED.

IT IS SO ORDERED.