INDIANAPOLIS POWER & LIGHT COMPANY, and J.A. House, Inc., Appellants (Third–Party Plaintiffs Below),

v.

BRAD SNODGRASS, INC. a/k/a Snodgrass Sheet Metal, Appellee (Third–Party Defendant Below).

No. 30A02–8804–CV–152.

Court of Appeals of Indiana, Second District.

Jan. 22, 1990.

Rehearing Denied March 26, 1990.

Kent O. Stewart, Charles F. Miller, Jr., Indianapolis, for appellant Indianapolis Power & Light Co. (defendant/third-party plaintiff below).

James K. Wheeler, Jeffrey O. Meunier, Carmel, for appellant, J.A. House, Inc. (defendant/third-party plaintiff below).

Lloyd H. Milliken, Indianapolis, for appellee Brad Snodgrass, Inc. a/k/a Snodgrass Sheet Metal (third-party defendant below).

SHIELDS, Presiding Judge.

J.A. House, Inc. (House) and Indianapolis Power & Light Company, Inc. (IPL) appeal the grant of summary judgment to third-party defendant Brad Snodgrass, Inc., also known as Snodgrass Sheet Metal (Snodgrass), in their third-party actions for indemnification arising from the negligence action which Billie J. and Phyllis Gillespie brought against House and IPL.

We reverse and remand.

## ISSUE

Whether an employer can contractually obligate itself to indemnify third parties for injuries to an employee caused by the employer's negligence.

## FACTS

Billie J. Gillespie was injured while working at IPL's Morris Street Station on January 24, 1986. He was employed at the time by Snodgrass, a subcontractor on House's air conditioning project at the station. The Gillespies sued IPL (the property owner) and House (the general contractor), alleging IPL's and House's negligence caused Gillespie's injuries. IPL and House filed third-party complaints against Snodgrass (the subcontractor) based on contractual and common law theories of indemnity. The trial court granted Snodgrass's motion for summary judgment; IPL and House appeal.

IPL's third-party complaint includes three counts, each of which alleges a separate basis upon which IPL asserts Snodgrass is obligated to indemnify IPL to the extent IPL is held liable for Snodgrass's own negligence. Count I refers to an indemnity provision contained in the contract between House and Snodgrass:

[Snodgrass] covenants to indemnify and save harmless and exonerate [House] and [IPL] of and from all liability, claims and demands for bodily injury and property damage arising out of the work

undertaken by [Snodgrass], its employees, agents or its subcontractors, and arising out of any other operation no matter by whom performed for and on behalf of [Snodgrass], whether or not due in whole or in part to conditions, acts or omissions done or permitted by [House] or [IPL].[1]

Record at 392.[2] Count II refers to a provision in IPL's job specifications:

The Contractor shall indemnify, defend and save harmless [IPL] ... against all suits, actions and claims of any character, name and description ... brought for or on account of any injuries or damages received or sustained by any person, persons or property, because of any act, omission, neglect or misconduct of the Contractor, a Subcontractor or anyone directly or indirectly employed by them, arising from incident to or connected with the Work....

Record at 397. (Under that document subcontractors such as Snodgrass have the same obligations as the "Contractors.") Finally, in Count III, IPL asserts it is entitled to indemnification from Snodgrass under the common law.

The indemnity complaint filed by House is similar to IPL's. House asserts contractual indemnity rights in its Counts I and II under the House Indemnity Agreement and the IPL Indemnity Clause referred to above; in its Count III House seeks common law indemnification.

## DECISION

In Part I, we discuss Indiana's Comparative Fault Act, IC 34–4–33–1 *et seq.* (1988 & 1989 Supp.), its procedure for apportioning fault among negligent parties, and its interaction with Indiana's Worker's Compensation Act, IC 22–3–1–1 *et seq.* (1988 & 1989 Supp.). The indemnification claims of IPL and House in this action are discussed in Part II. In Part III we illustrate the apportionment process with a hypothetical example, and examine the effect of imposing an indemnification obligation on a person not otherwise subject to suit.

## I.

Indiana's Comparative Fault Act provides a scheme for allocating liability among persons whose negligence has contributed to an injury. Under the Act, the total fault is divided among the plaintiff, defendant, and any other negligent person not named as defendant, who is referred to as a "nonparty." [3] IC 34–4–33–2(a) (1988), IC 34–4–33–3 (1988). If the plaintiff's contributory fault constitutes no more than that attributed to the defendant, the plaintiff may recover for the share of fault allocated to the defendant. IC 34–4–33–4 (1988). Plaintiff's total recovery will be the portion of the total damages which was not caused by his or her own fault or that of nonparties. IC 34–4–33–3, IC 34–4–33–5 (1988), IC 34–4–33–10 (1988).

The Worker's Compensation Act, IC 22–3–1–1 *et seq.* (1988 & 1989 Supp.), effectively prevents a plaintiff from suing his employer for the employer's negligence. IC 22–3–2–6 (1988).[4] Neither can an employer be named as a "nonparty," as that term is defined in the Comparative Fault Act.[5] IC 34–4–33–2(a). Therefore, even when an employer's fault is partially responsible for an injury, all fault must be allocated to those without immunity—defendant, non-

---

1. IPL and House recognize IC 26–2–5–1 (1988) prohibits agreements in construction contracts to indemnify against one's own sole negligence.

2. Two records were filed in this appeal, one by House and one by IPL. Citations in this opinion refer to the version filed by IPL.

3. "Nonparty" means a person who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant. A nonparty shall not include the employer of the claimant.
IC 34–4–33–2(a).

4. The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 16–7–3.6.
IC 22–3–2–6.

5. See *supra* note 2.

party, and plaintiff.[6]  *See Farmers & Merchants State Bank v. Norfolk & Western Ry.* (1987), N.D.Ind., 673 F.Supp. 946, 948. Furthermore, following the negligence action, the employer has the right to recover from the employee's damage award any worker's compensation benefits which the employer has paid to the employee.  IC 22–3–2–13 (1988).[7]

### II.

The Gillespies filed suit against the defendants IPL and House, alleging negligence on the part of both defendants.  Because Snodgrass was Billie Gillespie's employer, it could neither be named as a defendant nor included as a nonparty.  Consequently, House and IPL filed third-party complaints against Snodgrass, seeking common-law and contractual indemnification for any liability imposed on them for the portion of Gillespie's injuries which resulted from Snodgrass's negligence.

Snodgrass agreed to indemnify House and IPL both in the contract between it and House and in IPL's job specifications.  The trial court granted summary judgment to Snodgrass on the grounds the Gillespies' complaint did not allege House and IPL are liable to them for any negligence of Snodgrass; that House and IPL could not be held vicariously liable for any negligence of Snodgrass because Snodgrass was an independent contractor; and that if House, IPL and Snodgrass are concurrently negligent,

House and IPL seek contribution from joint tortfeasors in violation of Indiana common and statutory law.

The Gillespies do not allege Snodgrass's negligence contributed to Billie Gillespie's injuries.  They need not do so, and their failure to do so does not impinge upon the rights of defendants in a third party action.  The fact that Snodgrass was an independent contractor with respect to House and IPL is irrelevant:  House and IPL's potential vicarious liability results from the fault apportionment process, rather than from the rule of *respondeat superior*.  Finally, while there is no right of contribution among tortfeasors in comparative negligence actions under IC 34–4–33–7 (1988), that section specifically provides that it does not affect indemnity rights such as those asserted here.[8]

House and IPL claim Snodgrass undertook contractually to indemnify them, and now seek to enforce that obligation to the extent they are held vicariously liable for Snodgrass's negligence.  Thus, if House and IPL may be held vicariously liable as a result of the apportionment process, Snodgrass is not entitled to judgment on these claims as a matter of law.

### III.

House and IPL's claims are premised on an assumption that under the Indiana Comparative Fault Act, IC 34–4–33–1 *et seq.* (1988 & 1989 Supp.), they may be held

---

**6.** Another instance in which all of the fault must be allocated among a group not including all persons responsible for an injury occurs when a relevant third party cannot be specifically named by the defendant, and thus cannot be a nonparty to whom fault is attributed.  *Cornell Harbison Excavating, Inc. v. May* (1989), Ind., 546 N.E.2d 1186.

**7.** [F]rom the amount received by the employee or dependents there shall be paid to the employer or the employer's compensation insurance carrier, subject to its paying its pro-rata share of the reasonable and necessary costs and expenses of asserting the third party claim, the amount of compensation paid to the employee or dependents, ... and the liability of the employer or the employer's compensation insurance carrier to pay further compensation or other expenses shall thereupon terminate....

\*     \*     \*     \*     \*     \*

[T]he employer or the employer's compensation insurance carrier shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated from the third party.

IC 22–3–2–13 (1988).

An employee who recovers from third parties in a comparative negligence action holds part of the recovery in constructive trust for his employer, to the extent necessary to reimburse the employer for amounts due under IC 22–3–2–13. *State v. Mileff* (1988), Ind.App., 520 N.E.2d 123, 128.

**8.** In an action under this chapter, there is no right of contribution among tortfeasors. However, this section does not affect any rights of indemnity.

IC 34–4–33–7.

vicariously liable for the portion of Gillespie's injuries which were caused by Snodgrass's negligence, if any, because Snodgrass cannot be included in the apportionment of fault. Thus, House and IPL seek indemnity for the share of their liability which would be attributed to Snodgrass if Snodgrass's fault were considered.

To illustrate the issues in this case, we assign arbitrary quantities of fault to hypothetical parties:

### TABLE I.

| Party | Amount of fault |
|---|---|
| Employee | 30 units |
| Employer | 25 units |
| Defendant | 45 units |
| Total fault | 100 units |

We further assume the total damage sustained by Employee is $100 and that Employee has received $10 in worker's compensation benefits from Employer. In the comparative fault action against Defendant, based on our assumptions as to the respective amounts of fault, the fault allocable under the statute would be apportioned as follows:

### TABLE II.

| Party | Amount of fault | Percentage of allocable fault |
|---|---|---|
| Employee | 30 units | 40% |
| Defendant | 45 units | 60% |
| Total allocable fault * | 75 units | 100% · |

\* Total allocable fault represents fault which may be considered by the jury in the apportionment process.

Employee would recover $60 from Defendant (while bearing 40% of the damages, or $40 himself). Pursuant to IC 22–3–2–13, Employee could be required to repay Employer the $10 he received in worker's compensation benefits.[9] Employer is benefitted by having its 25 units of fault attributed to its employee and to Defendant, while also having its worker's compensation payment reimbursed. Employer, then,

does not pay damages or worker's compensation for its fault. Instead, Employer's negligence is apportioned to the parties and, as a result, Defendant is liable for both its own fault and for a portion of Employer's fault. Thus, vicarious liability *may* result from the apportionment process. Had Employer not been immune from suit—or had it at least been included in the apportionment of fault as a nonparty—Defendant would have paid for only its own negligence. With indemnification the result is the same for Employee, but Defendant will ultimately pay only for its own negligence, as will Employer.[10]

If Employer agrees to indemnify Defendant for any vicarious liability resulting from Employer's own negligence, and if Employer is required to indemnify Defendant, Employer's fault has to be determined. Under the Comparative Fault Act, the jury apportions fault to Defendant and Employee. There is no procedure for determining Employer's negligence. A separate apportionment must be performed to determine Employer's negligence, in order to calculate its indemnification liability.

The manner in which the separate apportionment occurs will be determined by the trial court. However, we bring to the trial court's attention the following comment in 2B Larson, Workmen's Compensation Law § 76.45, § 76.46, 14–760–61:

Since the indemnity claim is by definition a separate legal cause, and, unlike the employer's contributory negligence, is not intertwined with the tortious incident itself, every precaution should be taken to see that the employee's own third-party rights are not prejudiced by the interjection of this factor into his case ... [As t]he court [in *Gibbs v. Carolina Power & Light Co.* (1965), 265 N.C. 459, 144 S.E.2d 393] said: "There is not that community of action in these various

9. An employer's statutory lien applies to any and all amounts recovered by the employee, whether for medical expenses, loss of consortium, or pain and suffering. *Dearing v. Perry* (1986), Ind.App., 499 N.E.2d 268, 270–71; *see Carrier Agency v. Top Quality Building Products*

(1988), Ind.App., 519 N.E.2d 739, 743, *transfer denied.*

10. Employer's liability is equal to worker's compensation benefits paid ($10), less reimbursement from the damage award (up to $10), plus indemnification payments to defendant.

causes of action which will permit them to be litigated in plaintiff's action."

*A fortiori*, the third-party tortfeasor cannot defend on the ground that the employee's employer has contracted to indemnify defendant, and will thus have to pay both workmen's compensation and tort damages. If the employer wants to make that kind of contract, that is his affair; the employee's rights cannot be affected by such an agreement. Moreover, having made this kind of agreement, the employer cannot then undo its effect and pass the burden back to the employee by piling yet another agreement of this relationship—an agreement by the employee that he will not exercise his rights against the third party as to liability that the employer has indemnified.

Several options for the separate apportionment proceeding are available, including but not limited to a separate trial or a bifurcated proceeding. We leave the choice of the most appropriate method of determining the third party's vicarious liability, if any, to the sound discretion of the trial court.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

BAKER and SULLIVAN, JJ., concur.