David SPRIGLER, Plaintiff,

v.

OSNABRUCKER METTALLWERKE, J. Kampshulte GmbH & Co., KG, and Kenner & Schaick, Inc., Defendants.

KENNER & SCHAICK, INC., and Northfab Systems, Inc., Third–Party Plaintiffs,

v.

KOETTER WOODWORKING, INC., Third–Party Defendant.

No. NA 90–19–C.

United States District Court, S.D. Indiana, New Albany Division.

April 16, 1991.

B. Hume Morris, C. Gilmore Dutton, III, Louisville, Ky., for plaintiff David Sprigler.

Nicholas F. Stein, New Albany, Ind., Charles H. Zimmerman, Jr., Rubin Hays & Foley, Louisville, Ky., for defendant Northfab Systems, Inc.

Jeffrey L. Hansford, New Albany, Ind., William O. Guethlein, Boehl Stopher Graves & Deindoerfer, Louisville, Ky., for defendant Kenner & Schaick, Inc.

Kathleen K. Shortridge, Ice Miller Donadio & Ryan, Indianapolis, Ind., for third-party defendant Koetter Woodworking, Inc.

**ENTRY**

DILLIN, District Judge.

This cause comes before the Court on the motion of Koetter Woodworking, Inc. for summary judgment. For the following reasons, the motion is granted.

### Background

The plaintiff, David Sprigler (Sprigler) was injured while working as a woodworker for Koetter Woodworking, Inc. (Koetter). On February 12, 1988, Sprigler climbed inside a large woodgrinder manufactured by defendant Osnabrucker Mettallwerke. While Mr. Sprigler was inside the machine it was turned on by another Koetter employee. Sprigler sustained severe and permanent injuries. He has been paid worker's compensation benefits and statutory medical expenses pursuant to the provisions of the Indiana Worker's Compensation Act, Ind.Code § 22–3–1–1 *et seq.*

Sprigler brought this action on February 7, 1990, against Osnabrucker (the manufacturer), Northfab Systems, Inc. (the United States distributor of the grinder) and Kenner & Schaick (the regional distributor through which the grinder was purchased), alleging failure to warn.

Kenner & Schaick and Northfab filed a third-party complaint seeking indemnification from Koetter to the extent that they are ultimately found liable to the plaintiff. In its brief in response to the present motion, Kenner & Schaick states codefendants' position that it would be fundamentally unfair to require remaining potentially non-negligent codefendants to be responsible for the portion of fault attributable to Koetter's negligence. Northfab joins in Kenner & Schaick's response.

### Discussion

■ Koetter seeks summary judgment on the grounds that the exclusive remedy provision of the Worker's Compensation Act, Ind.Code § 22–3–2–6, should be read to bar all common law indemnity claims by third parties against employers, that indemnification actions by a manufacturer against purchasers of the manufacturer's

product are not allowed under Indiana law in the absence of an express indemnification agreement, and that Indiana's Comparative Fault Act, Ind.Code § 34–4–33–1 *et seq.*, has not changed the basic principles of common law indemnification.

The exclusive remedy provision of the Worker's Compensation Act, Ind.Code § 22–3–2–6, provides the following:

> The rights and remedies granted to an employee subject to I.C. 22–3–2 through I.C. 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next-of-kin, at common law or otherwise, on account of such injury or death....

The Worker's Compensation Act is thus the exclusive remedy against an employer for an employee who sustains injuries arising out of and in the course of his employment.[1] *See Indiana State Highway Dept. v. Robertson*, 482 N.E.2d 495 (Ind.App. 1985). Koetter argues that the legislative history of the Act, and the public policies underlying its implementation, direct a construction of the statute as barring all common law indemnity actions against employers. To compel indemnification, he argues, would be equivalent to causing the employer, Koetter, to pay civil damages directly to Sprigler, a remedy which is impermissible under the statute. *See Indiana University Hospitals. v. Carter*, 456 N.E.2d 1051, 1054 (Ind.App.1983).

■ The third-party plaintiffs argue that Indiana's Worker's Compensation Act, in contrast to certain other states' acts, lacks language which explicitly bars third-party actions against employers, and that public policy would be furthered by allowing innocent defendants to apportion against a negligent employer. The third-party plaintiffs' basic argument is that the law at present is unfair because defendants such as themselves might bear the burden of an employer's fault. Despite the potential unfairness of such a result, there is at present no

basis in the law for applying a proportionate burden against the employer, except where there is an express contract for indemnification. We therefore find that the third-party plaintiffs in this action cannot proceed in common law indemnity because of the lack of an express indemnification contract. Nor can they maintain an action for contribution, since contribution among joint tortfeasors is disallowed under Indiana's Comparative Fault Act, Ind.Code § 34–4–33–7, which reads as follows:

> **Contribution among tortfeasors—Indemnity.**—In an action under this chapter, there is no right of contribution among tortfeasors. However, this section does not affect any rights of indemnity.

The right of a third party to sue an employer for indemnification was analyzed by this Court in *McClish v. Niagara Machine & Tool Works*, 266 F.Supp. 987 (S.D. Ind.1967). In *McClish*, an employee who was injured while using a machine recovered benefits under the Indiana Worker's Compensation Act and then sued Niagara, the manufacturer of the machine. Niagara in turn sued the employer for indemnification in a third-party complaint, alleging that the employer had been negligent. This Court dismissed the third-party complaint for failure to state a claim, beginning its discussion with the following proposition:

> The right to indemnity and the corresponding obligation to indemnify generally spring from contract, express or implied, and in the absence of an express or implied contract a right to indemnity does not exist.

*McClish*, 266 F.Supp. at 989. The court then noted that parties may lawfully bind themselves by voluntarily entering contracts for indemnification. *Id.* It is undisputed in this case that there was no such contract between Koetter and either of the codefendants.

The recognized exceptions to the general rule barring indemnification in the absence

---

**1.** An injured employee may also bring an action for his injuries against third parties other than fellow employees. If he recovers a judgment (or makes a settlement) the employer is entitled to subrogation under certain circumstances. Ind.Code § 22–3–2–13.

of express contract are derivative liability under the theory of respondeat superior, and constructive liability by operation of a statute or rule imposing on a third party a non-delegable duty. *McClish*, 266 F.Supp. at 989–990. There is no such derivative or constructive liability here. As in *McClish*, there is no rule of law here which would place a non-delegable duty of care on Kenner & Schaick and Northfab by which they could be subjected to liability by reason of independent negligent acts of Koetter. The argument for sales-contract-based indemnity liability was advanced and rejected in *McClish*, 266 F.Supp. at 991:

> [I]t is obvious that *when the sole contractual relationship between the parties is merely that arising out of a fully executed sales contract, the warranties run from the manufacturer to the purchaser and ultimate users, and not the reverse.* We know of no case holding the purchaser of a machine owes a duty to the manufacturer or seller to use it in any particular manner, and have been cited to none. The misuse of a machine by its owner, in and of itself, could not possibly reach back so as to subject the manufacturer to liability to anyone; therefore, there would be no occasion for indemnity (emphasis added).

The Court's rejection of upstream liability is still good law. The two cases which Kenner & Schaick cite as contrary authority to this proposition do not advance their argument. In *USF & G v. Kaiser Gypsum & Co., Inc.*, 273 Or. 162, 539 P.2d 1065 (1975), the third-party defendant, Kaiser, had entered into a contract with A.J. Zinda Company, providing that Zinda would install a fiberboard machine. Kaiser, the employer, was alleged to have caused the employee's injury negligently by failing to test the machine properly. The court held that Kaiser had an independent duty to Zinda to exercise due care in testing the machine.

The essential distinction between *Kaiser Gypsum* and the instant case is that Kaiser and Zinda had a contractual relationship based on the installation contract, while here the sole contractual relationship between Koetter and the third-party plaintiffs is "merely that arising out of a fully executed sales contract." Moreover, *Kaiser Gypsum* is of little validity since that case was effectively overruled by the Oregon legislature's 1977 amendment to its Worker's Compensation Act. *See* Or.Rev.Stat. § 656.018. The Oregon Court of Appeals explained in *Roberts v. Gray's Crane & Rigging*, 73 Or.App. 29, 697 P.2d 985, 989 (1985):

> The legislative history of the 1977 amendments to ORS 656.018 reveals that the legislature amended the statute to *restore* the exclusive liability protection former ORS 656.018(1) was understood to afford before *U.S. Fidelity v. Kaiser–Gypsum.* . . .

Nor is the third-party plaintiffs' position advanced by *Indianapolis Power & Light Co. v. Snodgrass*, 548 N.E.2d 1197 (Ind. App.1990). In *Snodgrass*, Billy Gillespie was an employee of Brad Snodgrass. Snodgrass was a subcontractor on a project in which House, Inc. was the general contractor and Indiana Power and Light was the property owner. Gillespie sued IPL and House, alleging that their negligence caused Gillespie's injuries. IPL and House brought third-party complaints against Snodgrass based upon contractual and common law theories of indemnity. The contract between House and Snodgrass contained an express covenant to indemnify and hold harmless House and IPL from all liability arising from Snodgrass' work. Further, a provision in IPL's job specifications stated that IPL would be indemnified against actions brought on the basis of negligence of the contractor or subcontractor.

The issue as framed by the court was "[w]hether an employer can *contractually obligate itself* to indemnify third parties for injuries to an employee caused by the employer's negligence." *Id.* at 1198 (emphasis added). The holding was that an employer may so contract. Such ruling is consistent with *McClish*, rather than the opposite.

There is no contract for indemnification present in the case now before the Court.

**90**

Nor is there any evidence that Koetter comes within one of the exceptions which would support indemnification on the basis of constructive or derivative liability. Koetter was merely the purchaser on a sales contract.

Finally, Indiana's Comparative Fault Act does not change the rules on indemnity and contribution to allow for the instant claim. In this case it appears that the third-party plaintiffs are seeking contribution from an allegedly joint tortfeasor. According to Kenner & Schaick, Koetter had asked Kenner & Schaick to order the woodgrinder without a lid. The lid for that machine, states K & S, had a safety interlock device. K & S ordered the machine, and Northfab delivered it without the lid. Kenner & Schaick's and Northfab's potential negligence in selling and delivering the machine without a lid would make them potential concurrent tortfeasors with Koetter, who ordered the lidless machine. The third-party plaintiffs argue that Koetter was negligent, and that it would be unfair for Koetter not to pay for its portion of fault. Indiana courts have long held that there shall be no contribution between joint tortfeasors. *McClish* at 989. The Comparative Fault Act explicitly repeats this rule. Ind.Code § 34–4–33–7, *supra*.

Indemnity liability still must arise out of an express contract or a recognized exception. We find no such contract or exception operative here. Accordingly, we find no basis upon which liability could be imposed upon Koetter, the plaintiff's employer.

### Conclusion

For the foregoing reasons, the Court grants Koetter's motion for summary judgment against third-party plaintiffs Kenner & Schaick and Northfab. There appearing no just reason for delay, judgment will be entered forthwith. Rule 54(b), F.R.Civ.P.