**ALLIED SIGNAL, INC., Third-Party Plaintiff–Appellant,**

v.

**ACME SERVICE CORP., Third-Party Defendant–Appellee.**

No. 90–1194.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 1990.

Decided Nov. 1, 1991.

Timothy J. Abeska, Roemer & Mintz, Carmen M. Piasecki, Thomas H. Singer, South Bend, Ind., for plaintiffs.

Thomas J. Piskorski, Lawrence C. DiNardo (argued), Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Robert H. Michaud, Allied–Signal Inc., South Bend, Ind., for plaintiff-appellant.

David Cerven, Burke, Murphy, Costanza & Cuppy, East Chicago, Ind., Kathryn D. Schmidt (argued), Merrillville, Ind., for defendant-appellee.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

This diversity of citizenship case is governed by Indiana law. The third-party defendant, Acme Service Corporation ("Acme"), provided janitorial service to the third-party plaintiff, Allied–Signal, Inc. ("Allied"). Pursuant to the service agreement, Acme agreed to indemnify Allied against all liability and costs for injury or damage arising out of the performance of the agreement and resulting in whole or in part from Acme's negligence. One of Acme's cleaning personnel, Jane Doe ("Doe"), was raped while cleaning Allied's building, and she sued Allied for negligence.[1] Allied filed the third-party complaint before us seeking indemnification for the costs of defending Doe's lawsuit.

The District Court dismissed the third-party complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). Under Indiana's Comparative Fault Act ("CFA"), *see* IND. CODE § 34-4-33-1 to -13, a defendant may reduce his tort liability by showing that the plaintiff's damages were caused in full or in part by a non-party. *See id.* § 34-4-33-10. A plaintiff's employer, however, may not be such a non-party under the CFA. *Id.* § 34-4-33-2(a). The District Court applied this provision of the CFA to Allied and Acme's indemnification contract because it believed that Allied was attempting to assert a non-party defense under the CFA. The District Court then reasoned that because Acme was Doe's employer at the time of her rape, Acme could not be a non-party under the CFA. As a result, Allied could not seek indemnification from Acme.

The question put to us is whether the District Court correctly concluded that the CFA alters Allied's contractual indemnification claim against Acme. Because the purpose of the CFA is to apportion tort liability imposed by law, not to apportion indemnification liability imposed by contract, *Indianapolis Power & Light Co. v. Brad Snodgrass, Inc.*, 548 N.E.2d 1197 (Ind.App.1990), *transfer granted*, 578 N.E.2d 669 (Ind.1991), we hold that the CFA does not alter Allied's contract-based indemnification claim against Acme. Accordingly, we reverse.

The Indiana Supreme Court has rejected the District Court's interpretation of Indiana's Comparative Fault Act.[2] In *Snodgrass*, the third-party defendant ("Snodgrass") had agreed to indemnify the third-party plaintiffs ("IPL" and "J.A. House") for losses caused as a result of Snodgrass' negligence. IPL and J.A. House were sued by an employee of Snodgrass. The trial court granted Snodgrass summary judgment because the CFA does not permit apportionment of fault to the plaintiff's employer. The Indiana Court of

---

1. Our opinion in Doe's underlying lawsuit is reported at 925 F.2d 1007 (7th Cir.1991).

2. We note that the Indiana Supreme Court (and the Indiana Court of Appeals) issued their deci-

sions in *Snodgrass* after the District Court had ruled in this case. Thus, the district judge did not have the benefit of these definitive Indiana decisions.

Appeals reversed, holding that notwithstanding the CFA an employer can contractually obligate itself to indemnify third parties for injuries to one of its employees caused at least in part by the employer's negligence. 548 N.E.2d 1197. The Indiana Supreme Court subsequently granted transfer, and agreed with the court of appeals that the CFA does not alter contractual indemnification rights. 578 N.E.2d at 670, 672–73. In contrast to the court of appeals, however, the Indiana Supreme Court also held that just as the CFA does not alter or nullify contractual indemnification rights, neither does the CFA *create* any indemnification rights, as IPL and J.A. House had successfully contended before the intermediate tribunal.[3] "We conclude that the law of indemnification is unchanged by the enactment of the Comparative Fault Act. Parties may continue to provide for lawful indemnification[4] by express contract." *Id.* at 673.

At oral argument in this Court, Acme correctly conceded that *Snodgrass* is materially indistinguishable from the case before us. The Comparative Fault Act does not nullify Allied's contractual rights to indemnification from Acme. We REVERSE the decision of the District Court dismissing Allied's complaint and REMAND for further proceedings. Circuit Rule 36 shall not apply.

**3.** The Indiana Supreme Court granted transfer to consider the "novel question" of whether "the Indiana Comparative Fault Act, Ind.Code § 34–4–33–1 to –13, [should] be judicially expanded to create a new species of vicarious liability and resulting indemnity rights." 578 N.E.2d at 670. In *Snodgrass,* both IPL and J.A. House acknowledged in their briefs to the Indiana Supreme Court that they were not seeking conventional contractual indemnification. Rather, they sought "only indemnification for that portion of damages which may be imposed upon them by reason of the fault allocation process under the Indiana Comparative Fault Act." *Id.* at 671. The supreme court, however, held that "the fault apportionment process under the Act does not give rise to vicarious liability and resulting indemnification rights." *Id.* at 673. The trial court's initial grant of summary judgment to the employer (Snodgrass) was thus affirmed on this basis. *Id.*

**4.** Earlier in its opinion, the Indiana Supreme Court stated that the "rule in this state is that parties may by express contract lawfully bind themselves to indemnify against future acts of negligence ... except as to the sole negligence of the indemnitee...." *Id.* at 670 (citations omitted).